THE NATIONAL ULSTER COUNTY BANK, APPELLANT,
*v.* MICHAEL J. MADDEN, RESPONDENT.

*Evidence — when an abstract of a check made at the time of its delivery is admissible — when it is admissible to corroborate the testimony of the person making it — the alteration of a check invalidates it.*

This action was brought against the defendant, as the payee and indorser of several checks drawn on a bank, which contained the words "payable January 22, 1883." The defense was that these words were fraudulently inserted in the checks, after their indorsement and delivery, without the knowledge or consent of the defendant. The defendant testified to these facts, and, also, that his recollection as to them was clear and positive. He was then allowed, against the objection and exception of the plaintiff, to testify that at the time he indorsed the checks, and before he delivered them, he made an entry in a book, which he kept for that purpose, of the date, amount, maker, indorser, time and place of payment of every check. He produced the book and read these entries with respect to every check, and testified that these entries corresponded with each check as it stood when he indorsed it.

*Held,* that the evidence was competent, and that the court did not err in receiving it.

*Guy* v. *Mead* (22 N. Y., 462) followed.

That the rules relating to memoranda, used to supply or refresh the memory, did not require its exclusion.

That as the truth of the defendant's testimony, denying that the words fixing a future day of payment were in the original checks, was contradicted by the checks themselves and by the testimony of the drawer, the evidence was admissible as corroborative of the defendant's testimony.

*Platner* v. *Platner* (78 N. Y., 90).

That it was proper for the court to instruct the jury that the single question upon which their verdict depended was whether or not the check had been altered.

*Weyerhauser* v. *Dun* (100 N. Y., 150) followed.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury at the Ulster Circuit.

*M. Schoonmaker* and *F. L. Westbrook,* for the appellant.

*E. S. Wood* and *A. Schoonmaker,* for the respondent.

LANDON, J.:

The defendant was sued upon his indorsement upon eighteen separate checks of different dates, of seventy-five dollars each. All are similar to No. 1, of which the following is a copy:

"RONDOUT, N. Y., *October* 18, 1882.

" No. 1.      THE NATIONAL BANK OF RONDOUT.

" Pay to the order of M. J. Madden seventy-five dollars. *Payable Jan.* 22, '83.

" $75.                                "S. M. FOWKS,
                                              " *H. F. Atty.*"

" Indorsed : M. J. MADDEN."

The sole defense was that the words and figures "payable Jan. 22, '83," and similar words and figures in each of the other checks were fraudulently inserted, after the defendant had made his indorsement and delivered the check. The defendant testified that when he indorsed and delivered the checks, none of them contained such words and figures, and that he never consented to such alteration. He also testified that in this respect his recollection was clear and positive. He was permitted, in opposition to the objection and exception of the plaintiff, to testify that at the time he indorsed each check, and before he delivered it, he made an entry in a book, which he kept for the purpose, of the date, amount, maker, indorser, time and place of payment of every check. He produced the book and, the objection of plaintiff being overruled, read these entries with respect to every check. He testified that these entries corresponded with each check, as it stood when he indorsed it. The admissibility of this evidence is here for review. No point is made with respect to the manner in which the entries were proved, but their competency as evidence, whether read or described, is challenged. Their materiality is conceded. We think they were competent.

In *Guy* v. *Mead* (22 N. Y., 462), the question was whether an indorsement upon the promissory note in suit was made February, 1849, or February, 1847. If on the earlier date, the statute of limitations was a bar. It was conceded that the indorsement was made when the payment was made, and there was a suggestion that the date had been altered. A wit-

ness was called in order to establish the later date; he testified that he, on the 1st of April, 1848, computed the interest upon the note, and he produced the original paper containing his figures. No account was therein stated of the indorsement in question; but assuming there was then no such indorsement, the computation was complete. The witness testified that, though he had no recollection, he did not doubt that the indorsement did not then exist. He was not permitted to read the paper in evidence, and the Court of Appeals held that to be an erroneous ruling. It is true that that case differs from this in the single fact that, independently of the paper, the witness had no recollection of the then non-existence of the writing in dispute upon the note. But the court does not place its decision upon that ground. The court remarks: "If this computation of interest was actually made, as stated, in April, 1848, for the purpose of ascertaining the amount due on the note, the memorandum of it then made is one of the most satisfactory pieces of evidence which could be adduced as to the existence of the indorsement. * * * It furnishes written evidence of the most authentic character, * * * more persuasive than any amount or oral statement."

The case cited and the case at bar are clearly distinguishable from the many cases in the books, some of which are reviewed in *Waldele* v. *New York Central and Hudson River Railroad Company* (95 N. Y., 274), in which it is held that an oral or written narrative of a transaction already past is not admissible. It is plain that the subsequent declaration of a fact is no part of the fact itself. The case is also distinguishable from that class of cases in which a memorandum, sworn to have been truthfully made, is used as a substitute for a lost memory, or in which any memorandum is used to refresh a failing recollection.

This abstract is from the face of the check itself. A declaration or memorandum of a transaction, unless it is the spoken or written part of the transaction itself, and thus the *res gestæ* proceeds from the memory. This memorandum did not so proceed. The original face of the check is the question in dispute. Suppose the defendant, with the check before him, and before he delivered it, had made an exact copy of it. The check itself contributes its face, and the defendant transcribes it. The contribution and transcription are

simultaneously made, while the check is still a true check. Have we not here something like the *res gestœ* of the true check itself? A true copy differs from a true abstract only in degree. If a photographic copy had been taken, it would probably have been admissible. (*Cozzens* v. *Higgins*, 3 Keyes, 206.) Could not the stub of a check be read as evidence of the alteration of the check itself and as part of the *res gestœ* of the transaction of making the original check? If so, this abstract made upon indorsement is the *res gestœ* of the indorsement. The defendant, while the check was before him, examined it and at the same time wrote this abstract of its face. The abstract thus becomes part of the *res gestœ* of his examination. Now, it may be true enough that the indorsement is not in question, and that the defendant's examination of the check is not in question, but it does not thence follow that the *res gestœ* of either are immaterial; the indorsement and examination are evidentiary facts, in which the fact required, namely, the true face of the check, could not fail to speak the truth of itself, and that truth then and thus spoken is what we seek. But upon whatever ground we place it, the evidence is obviously of so high a character that it ought to be received, and we are satisfied that it does not come within the exclusion of the rules relating to memoranda used to supply or refresh the memory.

Again, the truth of defendant's testimony denying that the words fixing a future day of payment were in the original checks, was contradicted by the checks themselves, and later by the testimony of Fowks. Any relevant circumstance corroborative of the defendant's testimony was admissible. (*Platner* v. *Platner*, 78 N. Y. 90.)

The court properly held and instructed the jury that the single question upon which their verdict depended was, whether or not the check had been altered?

If the check, when delivered to the drawer with the indorsement of the defendant, was a complete instrument in the ordinary form, no right existed in the drawer, without the consent of the indorser, to insert words of future day of payment, even though there was left a blank space large enough for the purpose.

The maker or indorser who delivers his note or check to a third party does not thereby authorize him to fill existing blanks therein unless it is obvious that such blanks must be filled to make the note

or check operate as the instrument for which it was intended. (*Weyerhauser* v. *Dun*, 100 N. Y., 150.) This rule makes some of the objections urged by the appellant unimportant. We have examined them all and find none which call for a reversal of the judgment.

The judgment should be affirmed, with costs.

BOOKES, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.