STATE EX REL. WADE *v.* KENNEY, AUDITOR.

CODE COMMISSIONERS — *Compensation* — *Appropriations.* — Section 4 of the Act of March 14, 1889, creating a code commission, provides that said commissioners shall each receive a compensation for his services of four thousand dollars. Section 5 of the Act of March 14, 1889, provides that upon the filing of any one of the completed Codes with the secretary of State the auditor shall draw his warrant for the *pro rata* salaries of the commission. In an application for mandamus to compel the issuance of a warrant for relator's salary, which had been refused for want of an appropriation, *held,* that the designation in said act of a definite sum as compensation of the commissioners constituted an appropriation of money to pay the same. *Held, also,* that the rights of relator were not affected by appropriations made by laws enacted subsequently to the act in question. (*State* v. *Kenney,* 9 Mont. 389, affirmed.)

Original proceeding.  Application for a writ of mandate.

*B. P. Carpenter,* and *F. W. Cole,* for Petitioner.

*Henri J. Haskell,* Attorney-General, for Respondents.

BLAKE, C. J. — The affidavit of the relator contains the following allegations: "That he was duly appointed in the year 1889 one of the code commissioners under an act of the legislative assembly of the Territory (now State) of Montana, entitled 'An act to provide for the appointment of a commission to codify the criminal and civil law and procedure, and to revise, compile, and arrange the statute laws of Montana,' approved March 14, 1889. That ever since such appointment, he has acted as such commissioner in the preparation of the four Codes provided for in said act. That said Codes have been prepared and filed as required by said act, and the act of the legislative assembly of the State of Montana amendatory of said act, approved March 9, 1891. That the Civil and Penal Codes and the Code of Civil Procedure were prepared and filed, and a warrant drawn by the auditor in favor of this affiant and each of the code commissioners, and paid out of the State treasury. That the Political Code was filed as required by law on the tenth day of March, 1891. That affiant, on the tenth day of March, 1891, after filing the said Political Code with the secretary of State, demanded of said E. A. Kenney, the State auditor of the State of Montana, a warrant on the State treasurer of the State of Montana for the sum of one thousand

dollars, which said sum was due this affiant for his salary and compensation in the preparation of said. Political Code. That the said E. A. Kenney, State auditor as aforesaid, refused and still refuses to give affiant a warrant on the State treasurer for said amount, or any other amount." There are other allegations, which do not become material to this controversy, and the prayer is for a peremptory writ of mandate to issue out of this court, directed to said State auditor, and commanding him to give to the affiant a warrant for said sum.

The return of the respondent is to the effect that the foregoing act of the legislative assembly in 1889 did not make any specific appropriation of money out of any fund to pay the relator; that the relator was not entitled to receive any compensation by the terms of this act until he had performed certain services; and that when said Political Code was filed with the secretary of State there was no money in the State treasury which was applicable to the payment of said claim, by reason of the appropriations of large amounts by the second legislative assembly of the State, which had been made in 1891.

It is necessary to construe these clauses and sentences of the act, which was approved March 14, 1889. "The said commissioners shall each receive a compensation for his services of four thousand dollars. . . . ." (§ 4.) "Upon the completion of any one of the said Codes, and upon filing the same, accompanied with a general index and the report of the commission in relation thereto, . . . . in the office of the secretary of the Territory or State, as the case may be, it shall be the duty of the chief justice and the secretary of the Territory or State to examine the same, and as soon as practicable to determine whether the work has been done as provided in this act; and if they so determine, they shall file their decisions with the State auditor, whereupon it shall be lawful for and the duty of such auditor to draw his warrant for the *pro rata* salaries of the commission under the provision of this act, and to be paid by him out of any funds not otherwise appropriated." (§ 5.)

In *State* v. *Hickman,* 9 Mont. 370, we held that a section of the Constitution which provides that the secretary of State shall receive for his services three thousand dollars per annum, payable quarterly, was an appropriation by law. The relator

has been nominated by the governor and confirmed by the territorial council, and is an officer whose duties and compensation are fixed by the statute, *supra.* It is also specified that the payment *pro rata* for his services shall be made at a time, which is made certain by the completion of the respective Codes. The Constitution has declared that "all obligations of the Territory of Montana, existing, in force, and unpaid at the time of the admission of the State into the Union, are hereby assumed by the State, which shall and will well and truly pay the same." (Sec. xx. Schedule, § 12.)

We have commented heretofore upon the provisions of the Constitution concerning an appropriation, and do not think our views require a repetition of the reasons which control this decision. Under the authorities, the legislation providing for the appointment of the code commission is held to appropriate the definite sum which is designated as the compensation of the commissioners. (*State* v. *Bordelon,* 6 La. An. 68; *Ristine* v. *State,* 20 Ind. 328; *McCauley* v. *Brooks,* 16 Cal. 11; *Proll* v. *Dunn,* 80 Cal. 220; *Humbert* v. *Dunn,* 84 Cal. 57.) The last named case is a recent utterance of the Supreme Court of that State, and is directly in point.

Our construction of the act, *supra,* that it is an appropriation of the money required for the compensation of the relator, renders needless a consideration of the other grounds of defense of the respondent. The laws making appropriations for various purposes, which are cited, were enacted subsequently to the act under review, and cannot affect the rights of the relator.

It is therefore ordered and adjudged that the peremptory writ of mandate be issued in accordance with the prayer of the relator.

HARWOOD, J., and DE WITT, J., concur.