# STATE EX REL. MADDOX *v.* KENNEY, AUDITOR.

.REPORTS OF SUPREME COURT—*Compensation of reporter—Statutory construction.*
—Section 1992, fifth division of the Compiled Statutes, requires the reporter of the Supreme Court to publish a volume of reports as often as there is sufficient matter to form a volume of not less than six hundred pages. Section 1993, as amended by the Act of March 8, 1889, provides for the delivery to the State of three hundred volumes, and that the same shall be paid for at the rate of six dollars for each volume of six hundred pages, and that each volume of more than six hundred pages shall be paid for at the same rate for the number of pages exceeding six hundred, three hundred dollars being allowed on each volume to cover expenses and clerical work; and concludes with the proviso that the whole expense of publication and preparation of a full volume of such

reports shall not exceed two thousand one hundred dollars. *Held,* that such limitation as to the cost of a full volume related only to a volume of not less than six hundred pages, and the reporter was entitled to payment for pages in excess of six hundred.

Original proceeding. Application for a writ of mandate.

*Thos. C. Bach,* for Relator.

*Henri J. Haskell,* Attorney-General, for Respondent.

HARWOOD, J.—This is an application for a writ of mandate to compel the State auditor to draw a warrant in favor of relator for the sum of one hundred and fifty dollars, claimed to be due and payable to him from the State, pursuant to the statute, to complete the payment for three hundred copies of volume 9 of the Supreme Court Reports of this State. Relator is official reporter of the Supreme Court. By provisions of statute it is his duty to edit and cause to be published reports of the opinions and decisions of said court, in volumes of not less than six hundred pages each.

It appears by relator's affidavit that he prepared for publication and caused to be published volume 9 of such reports; that the same contained six hundred and fifty pages; and that on the thirteenth day of January, 1891, pursuant to the provisions of statute, relator delivered to the librarian of the Montana library three hundred copies of said volume; that under the provisions of section 1993, division 5 of the Compiled Statutes, hereinafter quoted, the State auditor issued to relator a warrant for the sum of six dollars per volume for said volumes, amounting to the aggregate sum of one thousand eight hundred dollars, and for the further sum of three hundred dollars, "to cover the expenses of stationery and clerical work in the preparation" of said volume, and refused to issue relator a warrant for any greater amount.

There is no controversy as to the facts in this case. The contention is as to the true intent and meaning of said section 1993, division 5 of the Compiled Statutes, and an interpretation thereof will determine this case. Said statute, as found amended (16th Sess. Laws, p. 218), provides as follows: "Sec. 1993. The reporter of such volume shall print and bind three

hundred copies of such edition at the expense of the State; *provided*, that the same shall be paid for at the rate of six dollars for each volume of six hundred pages, and that each volume of more than six hundred pages shall be paid for at the same rate for the number of pages exceeding six hundred; and upon the reporter's delivering to the librarian of the Montana library three hundred copies of such edition, the auditor of the State shall issue to the said reporter a warrant for the amount to be found due as provided above, and also a warrant for the sum of three hundred dollars, to cover the expenses of stationery and clerical work in the preparation of each volume; *provided*, that the whole expense of publication and preparation of a full volume of such reports shall not exceed the sum of two thousand one hundred dollars to the State." Relator insists that under the provisions of the statute quoted he is entitled to six dollars and fifty cents per volume for said reports delivered to the librarian, inasmuch as the volume contained six hundred and fifty pages, or the further sum of one hundred and fifty dollars from the State.

What is the true intent and meaning of the legislative assembly, as manifest by the language of said statute? The statute itself prescribes a rule relative to its construction which will aid in answering this question. That rule as found in section 630 of the Code of Civil Procedure declared as follows: " In the construction of a statute or instrument the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." Now, there is no difficulty in giving effect to all of the " provisions and particulars" of the statute in question. In expounding the intention manifest in a statute all of its provisions should be considered. Referring to section 1992, which is a part of the same act, we find it provides that the reporter " shall publish a volume of such reports as often as there is sufficient matter to form a volume of not less than six hundred pages." A volume of six hundred pages fills the requirement of the statute in that particular, and is undoubtedly " a full volume," referred to in the second pro-

viso of section 1993. The payment for preparation, printing, and delivery of three hundred copies of a volume containing six hundred pages is limited to two thousand one hundred dollars. The relator asks nothing more than that for six hundred pages, bound in said volume. No doubt the provision is wise, for without the requirement fixing the minimum quantity of matter which shall constitute a volume of reports the State might, in the course of publication, be found paying the same rate for a volume containing much less matter. But as there may be a greater or less number of pages bound in a volume, the legislative assembly provided that the volumes of our reports should not contain " less than six hundred pages," and also provided " that the same shall be paid for at the rate of six dollars for each volume of six hundred pages, and that each volume of more than six hundred pages shall be paid for at the same rate for the number of pages exceeding six hundred," and that the auditor "shall issue to said reporter a warrant for the amount to be found due as above." The " amount to be found due as provided above," means simply six dollars for the volume of six hundred pages, with payment at the same rate for any additional pages bound in the same volume, which was simply a mathematical calculation. If more than six hundred pages are bound in volume 9, and thus paid for, the excess will not have to be paid for in volume 10, nor will the State have to pay any sum whatever "to cover expenses of stationery and clerical work" in the preparation of such excess over six hundred pages.

We think, without doubt, the relator is entitled to the further sum of one hundred and fifty dollars, under the provisions of the statute quoted. To hold otherwise would deny all force and effect to the provision for the payment for the preparation, printing, and binding of the matter contained in the volume in excess of six hundred pages. To our view, every provision and particular of the law may be given its full force and effect according to the evident intention of the legislative assembly. It is ordered that the writ of mandate issue as prayed for in the relator's petition.

BLAKE, C. J., and DE WITT, J., concur.