STATE EX REL. MADDOX *v.* KENNEY, STATE AUDITOR.

[Argued February 10, 1892. Decided February 15, 1892.]

APPROPRIATIONS — *Supreme Court reporter.* — The provisions of chapter 114, fifth division of the Compiled Statutes, as amended by the Act of March 8, 1889, relating to the publication of the Supreme Court Reports, constitutes an appropriation of the money required for the compensation of the reporter. (*State ex rel. Wade* v. *Kenney,* 10 Mont. 485, cited.)

CONSTITUTIONAL LAW—*Interpretation.*—The provisions of a constitution will be construed to operate prospectively only, unless a retrospective intention is clearly expressed.

SAME— *Appropriations.*—The provision of section 12, article xii. of the Constitution, that "no appropriation of public moneys shall be made for a longer term than two years," is prospective only, and does not affect an appropriation made before the adoption of the Constitution.

Original proceeding. Application for a writ of mandate.

*Thompson & Maddox,* for Relator.

I. The Act of March 8, 1889 (16th Sess. p. 218), is an "appropriation" within the meaning of the provisions of the Constitution. (§ 34, art. v. and § 10, art. xii.; *State v. Kenney,* 10 Mont. 533; *State v. Kenney,* 10. Mont. 485; *State v. Hickman,* 9 Mont. 370; *Ristine v. State,* 20 Ind. 328; *Carr v. State,* 127 Ind. 204; 22 Am. St. Rep. 624; *McCauley v. Brooks,* 16 Cal. 28; *Proll v. Dunn,* 80 Cal. 220; *Humbert v. Dunn,* 84 Cal. 57.)

II. It is contended by the State that though the Act of March 8, 1889, may have been an appropriation, yet it expired, by constitutional limitation within two years by force of section 12, article xii. of the State Constitution, providing that "no appropriations of public moneys shall be made for a longer term than two years." That the appropriation, therefore, expired March 8, 1891. To this relator replies that the act in question was enacted prior to the adoption of the Constitution, and therefore cannot be in conflict with said provision; that said constitutional provision is prospective, and its application is limited to future legislation. A constitutional enactment should be construed to operate prospectively only, unless the language employed manifests a clear intention to give it a retrospective effect. (*Allbyer v. State,* 10 Ohio St. 588; *State v. Barbee,* 3 Ind. 258; *State v. Thompson,* 2 Kan. 432; *Slack v. Maysville etc. R. R.* 13 Mon. B. 1; *State v. Macon County Court,* 41 Mo. 453; *Ex parte Burke,* 59 Cal. 6; 43 Am. Rep. 231; *Commissioners v. Trustees,* 71 Cal. 310; *Shreveport v. Cole,* 129 U. S. 36; 3 Am. & Eng. Encycl. of Law, tit. "Constitutional Law," p. 758, and cases cited.)

*Henri J. Haskell,* Attorney-General, for the State, Respondent.

DE WITT, J. — Relator is the reporter of the decisions of the Supreme Court, appointed and acting under the provisions of chapter 114 of the Complied Statutes as amended by the Act of the legislature of March 8, 1889. The law is quoted fully in the case of the same title, 10 Mont. 533. The respondent is the State auditor. Relator has completed volume 10 of the Supreme Court Reports, and complied with the provisions of the law above referred to. There is due him from the State $2,274. There is no dispute about these facts. The respondent declines to draw his warrant in payment of this amount, on the ground that there is no appropriation for that purpose. But from the decision in *State* v. *Kenney,* 10 Mont. 485, it follows that the Act of March 14, 1889, was an appropriation of the money required for the compensation of relator.

So far, relator and respondent are agreed. But the act requiring the reporter to publish the reports of the Supreme Court, and making appropriation for his payment, was passed March 8, 1889, by the territorial legislature. The State and the State Constitution came into life November 8, 1889. The Constitution provides (§ 12, art. xii.): "No appropriation of public moneys shall be made for a longer term than two years." The respondent contends that whatever appropriation was made by virtue of the Act of March 8, 1889, had no validity after March 8, 1891. The question at bar, then, is whether section 12, article xii. of the Constitution is prospective only, and refers to appropriation legislation to be passed by the State legislature after the adoption of the Constitution, or whether it is retrospective as well, and operates upon appropriations made before the adoption of the Constitution. The Act of March 8, 1889, was a law of the Territory when the State was admitted into the Union, and remained in force as a law of the State, unless it were inconsistent with the Constitution. (Schedule, art. xx. § 1.) It is inconsistent with the Constitution only in the view that section 12 was intended to operate retrospectively, and set aside the said act of the legislature.

We understand that it is perfectly well settled that a statute will be construed to operate prospectively, and not retrospectively, unless the retrospective intention is clearly expressed. (See a long list of cases in 3 Am. & Eng. Encycl. of Law, p, 758, n.

1.) This is also the rule as to constitutions. In Constitutional Limitations, Judge Cooley says: "We shall venture also to express the opinion that a constitution should operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect." (p. 76, 4th ed.)

In *Shreveport* v. *Cole*, 129 U. S. 43, Chief Justice Fuller, in the opinion, remarks: "Constitutions as well as statutes are construed to operate prospectively only, unless on the face of the instrument or enactment the contrary intention is manifest beyond reasonable question." No authorities are cited, and the court lays down the proposition as of course, and not meriting discussion. (See, also, cases cited by relator in his brief.)

The language of section 12, article xii. of our Constitution is prospective in terms, and the words are future in tense. They are: "No appropriation . . . . shall be made." There is nothing to indicate that a retrospective operation was intended. We therefore hold that this section of the Constitution is to be prospective in its application, and does not affect the appropriation made by the Act of the legislature of March 8, 1889.

Respondent has filed no brief, nor has he referred us to any decisions tending to a contrary view.

Let the writ of mandate issue as prayed for by relator, commanding the respondent to draw his warrant in favor of relator for the sum admitted to be due.

*Writ granted.*

BLAKE, C. J., and HARWOOD, J., concur.