## DUNN, APPELLANT, *v.* CITY OF GREAT FALLS, RESPONDENT.

[Submitted January 11, 1893.  Decided January 23, 1893.]

CONSTITUTIONAL LAW—*Municipal corporations*—*Bonds*—*Validity under Act of March 5, 1891.*—The Act of March 5, 1891 (2d Sess. Laws, p. 245), authorizing certain incorporated cities to incur indebtedness for specific purposes by the issuance of bonds to an extent not exceeding four per cent of their assessed valuation, instead of three per cent as limited by the state constitution (§ 6, art. xiii.), is not void as being wholly in conflict with said section of the Constitution, but is void only to the extent of such repugnancy; and therefore bonds issued by a city under such act are valid where the amount of indebtedness so incurred is less than three per cent of the assessed valuation of such city.

SAME—*Act void in part.*—Where a part of a statute is unconstitutional that fact does not authorize the courts to declare the remainder void, unless the provisions are so connected together in meaning that it cannot be presumed that the legislature would have passed the one without the other.

SAME—*Construction of constitutional provisions.*—Constitutional provisions as well as statutes are construed by the same canons of construction. (*State* v. *Kenney*, 11 Mont. 553, cited.)

*Appeal from Eighth Judicial District, County of Cascade.*

Action to enjoin sale and delivery of city bonds.  Tried on agreed case before BENTON, J.  Defendant had judgment below. Affirmed.

*W. G. Downing,* for Appellant.

*J. B. Leslie,* for Respondent.

PEMBERTON, C. J.—This is an appeal from the judgment of the lower court, rendered on a submission on an agreed statement of facts, under and in pursuance of chapter 3, section 468, division 1 of the Compiled Statutes of Montana.  On the second Monday of April, 1892, as appears from the agreed statement of facts, an election was regularly held, in accordance with the statutes of the state, in the city of Great Falls, by the qualified voters of said city, to determine whether or not the city council of said city should issue, and have authority to issue and sell, the bonds of said city, to wit: forty thousand dollars of said bonds for the purpose of purchasing lands for a park, to be owned and used by said city; thirty thousand dollars of said bonds for the purpose of funding the outstanding indebtedness of said city; thirty thousand dollars of said bonds to be used for constructing

a main sewer in and for said city—the total of said bonds to aggregate the sum of one hundred thousand dollars.   At said election the bonds, and all of them, were voted by a considerable majority of the voters of said city.   Under the authority of said election all of said bonds were issued and sold by said city, but have not been delivered to the purchasers.   This proceeding was instituted by the appellants, who were plaintiffs below, to have said bonds declared invalid, and the sale and delivery thereof perpetually enjoined, on the ground that the law under which they were issued is unconstitutional, and the bonds consequently void.   The court below held that the city council had the legal and constitutional authority to issue, sell, and deliver said bonds, from which judgment this appeal is taken.

It is conceded that the election held in said city on the proposition to authorize the issuing of all of said bonds, the issuing and sale thereof, and all proceedings had and things done in relation to said bonds, were had, held, and done under and in pursuance of an act to enable cities and towns to incur indebtedness, passed by the legislative assembly of the state of Montana, approved March 5, 1891, and acts of which it is amendatory. Section 1 of the Act of 1891, *supra,* is as follows:

"Section 1 of 'An act to amend an act to enable cities and towns to incur indebtedness,' approved February 28, 1889, is hereby amended so as to read as follows:

"'Sec. 1.   That any incorporated city or town in the state of Montana having an assessed valuation of eight hundred thousand dollars or over is hereby authorized to submit to the qualified electors of such city or town the question whether coupon bonds shall be issued on the credit of such city or town to an amount not exceeding, including existing indebtedness, four per cent of its assessed valuation, for the purpose of funding any or all existing indebtedness, constructing waterworks, public buildings, street grades, bridges, sewers, or other public improvements.'"

In the enactment of this law the legislative assembly seemingly overlooked section 6, article xiii, of the state constitution, which is as follows:

"No city, town, township, or school district shall be allowed to become indebted in any manner, or for any purpose, to an

amount, including existing indebtedness, in the aggregate exceeding three (3) per centum of the value of the taxable property therein, to be ascertained by the last assessment for the state and county taxes previous to the incurring of such indebtedness; and all bonds and obligations in excess of such amount given by, or on behalf of, such city, town, township, or school district, shall be void."

Counsel for appellant claim that as the statute under which these bonds were issued permits cities of the class therein named to incur an indebtedness of four per cent of its assessed valuation, including existing indebtedness, whereas the constitution, as above quoted, limits the amount of indebtedness such cities may incur to three per cent of its assessed valuation, it necessarily follows that the whole of said statute is void by reason of its being in conflict with said section of the constitution. Counsel for respondent contend that there is much of value and importance in said statute that can be enforced, and ought to be enforced, by the city council, in order to properly improve the city, and enforce and execute the power granted to the city council; and that the statute is only unconstitutional in so far as it provides for incurring an indebtedness of four per cent whereas the constitutional limitation of the indebtedness is three per cent. The respondent contends that the only repugnancy in the statute to the constitution is the rate of indebtedness the city can incur; that the city, by issuing and disposing of these bonds, will not incur an indebtedness greater than allowed by the constitution; that the city, under said statute with the four per cent stricken out, could incur this indebtedness without violating or exceeding the constitutional limit of three per cent, leaving said statute intact as to the manner of proceeding in the exercise of authority by the city council in the care and necessary improvement of the city. It is conceded that the assessed valuation of the property included within the city limits of the city of Great Falls exceeds seven million dollars; that, at the time of the election referred to herein, the indebtedness of said city was about thirty thousand dollars; and that the indebtedness of said city, including the bonds in this controversy, will not exceed one hundred and fifty thousand dollars, which is considerably below the constitutional limit.

The question before this court for adjudication is this: Is the statute of the state of Montana, approved March 5, 1891, under which the bonds in controversy were issued, wholly in conflict with section 6, article xiii, of the constitution, and void, or only void to the extent of said apparent repugnancy?

Sutherland, in his work on Statutory Construction (§ 138), speaking of implied repeals, says: "Subsequent legislation repeals previous inconsistent legislation, whether it expressly declares such repeal or not. In the nature of things it would be so, not only on the theory of intention, but because contradictions cannot stand together. The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance. Implied repeals are not favored."

Judge Cooley, in his work on Constitutional Limitations, speaking of statutes unconstitutional in part, says: "It will sometimes be found that an act of the legislature is opposed in some of its provisions to the constitution, while others, standing by themselves, would be unobjectionable. So, the forms observed in passing it may be sufficient for some of the purposes sought to be accomplished by it, but insufficient for others. In any such case the portion which conflicts with the constitution, or in regard to which the necessary conditions have not been observed, must be treated as a nullity. Whether the other parts of the statute must also be adjudged void because of the association must depend upon a consideration of the object of the law, and in what manner and to what extent the unconstitutional portion affects the remainder. A statute, it has been said, is judicially held to be unconstitutional, because it is not within the scope of legislative authority; it may either propose to accomplish something prohibited by the constitution, or to accomplish some lawful, and even laudable, object, by means repugnant to the constitution of the United States or of the state. A statute may contain some such provisions, and yet the same act, having received the sanction of all branches of the legislature, and being in the form of law, may contain other useful and salutary provisions, not obnoxious to any just constitutional exception. It would be inconsistent with all just principles of constitutional law to adjudge these enactments

void because they are associated in the same act, but not connected with or dependent on others which are unconstitutional. Where, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, though the last fall. The point is not whether they are contained in the same section, for the distribution into sections is purely artificial; but whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." (5th ed., p. 211.) And also, as to the duty of the court to uphold a statute when the conflict is not absolute, the same author says: "The duty of the court to uphold a statute when the conflict between it and the constitution is not clear, and the implication which must always exist that no violation has been intended by the legislature, may require it in some cases, where the meaning of the constitution is not in doubt, to lean in favor of such a construction of the statute as might not at first seem most obvious and natural; for, as a conflict between the statute and constitution is not to be implied, it would seem to follow, where the meaning of the constitution is clear, that the court, if possible, must give the statute such a construction as will enable it to have effect. This is only saying, in another form of words, that the court must construe the statute in accordance with the legislative intent: since it is always to be presumed the legislature designed the statute to take effect, and not to be a nullity." (5th ed., p. 220. And see *Newland* v. *Marsh*, 19 Ill. 376; *Dow* v. *Norris*, 4 N. H. 16; 17 Am. Dec. 400.)

In *People* v. *Supervisors*, 17 N. Y. 235, 241, Harris, J., delivering the opinion of the Court of Appeals, says: "A legis-

lative act is not to be declared void upon a mere conflict between the legislative and the judicial power.    Before proceeding to annul by judicial sentence what has been enacted by the law-making power, it should clearly appear that the act cannot be supported by any reasonable intendment or allowable presumption."    Commenting on this decision, Judge Cooley says: "And this, after all, is only the application of the familiar rule that in the exposition of a statute it is the duty of the court to seek to ascertain and carry out the intention of the legislature in its enactment, and to give full effect to such intention; and they are bound so to construe the statute, if practicable, as to give it force and validity, rather than to avoid it or render it nugatory."    (5th ed., pp. 221, 222.)    In *Fabbri* v. *Murphy*, 95 U. S. 196, Mr. Justice Clifford, speaking for the court, says: "Repeal by implication, upon the ground that the subsequent provision upon the same subject is repugnant, is not favored in any case."    In *Wood* v. *United States*, 16 Peters, 342, it is held "that there must be a positive repugnancy between the provisions of the new law and the old, to work a repeal by implication, and even then the old law is only repealed to the extent of such repugnance."    The same doctrine is asserted in *Henderson's Tobacco*, 11 Wall. 652; also in *Evans* v. *Job*, 8 Nev. 322; *State* v. *Swift*, 11 Nev. 128; *Attorney-General* v. *Amos*, 60 Mich. 372.    In the rules and law relating to repeal the same canons of construction apply equally to constitution and statutes.    (*State* v. *Macon County Court*, 41 Mo. 558; *State* v. *Kenney*, 11 Mont. 553.)    In *People* v. *Potter*, 47 N. Y. 375, Folger, J., says: "The established canons of construction applicable to statutes, to wit: that the intent of the lawmaker is to be sought for, and, when discovered, is to prevail over the literal meaning of the words of any part of the law, and that this intent is to be discovered, not alone by considering the words of any part, but by ascertaining the general purposes of the whole, and by considering the evil which existed calling for the new enactment, and the remedy which was sought to be applied, apply as well to the construction of a constitution as to that of a statute law. A constitution is also to be held as prepared and adopted in reference to existing statutory laws, upon the provisions of which, in detail, it must depend to be set in practical operation."

From a consideration of the authorities cited we are of opinion that the statute of the state of Montana, approved March 5, 1891, is only repugnant to and in conflict with section 6, article xiii, of the constitution of the state in so far as it fixes the amount of indebtedness the city of Great Falls might incur at four per cent of the assessed valuation of the property included within the city limits, instead of three per cent as limited by said section of the constitution; that said section of the statute is not wholly in conflict with said section of the constitution, but only to the extent of the repugnancy above stated; that the city council of the city of Great Falls did not exceed its legal or constitutional authority or power by creating the debt in the manner set forth in the agreed statement of facts herein, or in the issue and sale of the bonds complained of by appellant, such debt being within the constitutional limit of three per cent. Jurisdiction of this case is entertained for the sole purpose of construing the question of the conflict between the statute mentioned herein and the constitution of the state, and not with any purpose of passing judicially upon the real or agreed facts of the controversy.

Judgment of the lower court is affirmed.

*Affirmed.*

HARWOOD, J., and DE WITT, J., concur.