## LANGLEY v. COX et al.

No. 18667. Opinion Filed March 12, 1929.

Twyford & Smith, Ledbetter & Brown, and Leo G. Mann, for plaintiff in error.

Wilkins & Wilkins, for defendants in error.

LESTER, V. C. J. The parties to this appeal occupy the same position as in the district court, and they will be referred to as they appeared there.

The plaintiff brought an action to foreclose certain alleged tax liens on real estate located in Love county, Okla. Certain defendants filed a general demurrer to the plaintiff's petition, which was by the court sustained. The plaintiff elected to rest upon the sufficiency of his petition, and judgment was entered in favor of said defendants.

The petition in the instant case was filed in the district court of Love county on the 8th day of February, 1926, and the petition shows that the plaintiff proceeded in said cause under and by virtue of chapter 12, Session Laws 1925. The title to said act reads as follows:

"An Act providing for the enforcement of tax liens on lands and town lots, by foreclosure proceedings, where the tax sale certificates, tax deeds, or any of the proceedings relating thereto are void, voidable, or defective, and for a disposition of the proceeds of sales thereunder, and for the redemption of such lands and town lots."

Section 1 of said act provides:

"Any person holding a tax sale certificate or tax deed heretofore or hereafter issued for delinquent taxes legally levied and assessed, together with the penalty and costs due on the land described therein, shall have a lien on said land for such taxes, penalty and costs, and all subsequent taxes paid thereon by him and those under whom he holds, and all accruing penalties, and for the value of all improvements placed thereon by such lienholder and those under whom he holds or claims, which lien shall be superior to any other lien, except that of the state and junior tax sales, and may be enforced by such lienholder by a civil action in the district court of the county wherein said land lies, or in any action in such court concerning said land in which such lienholder may be made a defendant; in which every person having an interest in said land, as shown by the records in the offices of the county clerk and court clerk of said county, shall be made a party; and all the proceedings in such action, so far as applicable and not inconsistent with the provisions of this act, shall be the same as now provided by law for the foreclosure of mortgages on real estate and sales thereunder; Provided, that the decree rendered in such action may contain the order of sale, directed to the sheriff of said county, commanding him to

advertise and sell said lands without appraisement, and to make a return of his proceedings thereunder within 60 days from the date thereof, which shall be sufficient authority for the sale of said land, and no other order of sale shall be necessary; and provided, further, that any number of tracts of land upon which lienholder shall have said lien may be united in one suit, in which suit each of said tracts of land shall bear its proportional share of the costs of such suit, calculated upon the amount for which it shall sell. Provided, further, that no such action shall be brought on any tax sale certificate within 2 years from the date of the sale mentioned therein."

It is contended by the defendant in said action that said act is unconstitutional and void for several reasons, among them being that the title of said act limits the right of action to certain classes of tax certificates or deeds, whereas the body of the act includes the right of action on all tax deeds and certificates.

The limitation placed in the title to said act is as follows:

"* * * Where the tax sale certificates, tax deeds, or any of the proceedings relating thereto are void, voidable, or defective."

We shall not discuss the policy or the wisdom of the act in question. It is sufficient to state that said act was entirely repealed by Senate Bill 146, chapter 37, Session Laws 1927. However, the instant action was commenced prior to said repeal.

An examination of the plaintiff's petition reveals that it is defective, but not subject to a general demurrer, unless it be declared that section 1, chapter 12, Session Laws 1925, is wholly unconstitutional and void.

The title to said act indicates that foreclosure liens brought thereunder are to be confined to the following conditions:

"* * * Where the tax sale certificates, tax deeds or any of the proceedings relating thereto are void, voidable, or defective."

The defendants contend that the body of the act is not confined to the matter mentioned in the title, and is therefore violative of section 57 of article 5 of the Constitution, which reads as follows:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a Code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended, or conferred shall be re-enacted and published at length: Provided, that if any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof."

It will be observed that section 1 of said act authorizes a right of action by the holder of all tax certificates and deeds without reference to the limitations stated in the title of said act. We think that the greater includes the lesser, and that the class named in the title is thereby included within section 1 of said act. The limitations placed in the title of said act would indicate that it was the intention of the Legislature to furnish the holder of defective tax certificates and deeds a remedy whereby they could enter a court of equity and secure curative relief from the defects existing in said instruments.

"To the extent that declaratory statutes are of a curative nature, enacted for the purpose of curing defects or confirming rights, they constitute a valid exercise of legislative power." 12 C. J. p. 821, section 273.

The question here is whether the defective instruments named in the title come within the larger class included in section 1 of said act. We think they do.

In the case of Dunn v. City of Great Falls, 13 Mont. 58, 31 Pac. 1017, the court said:

"Act March 5, 1891, providing that cities of a certain class may incur bonded indebtedness to an amount not exceeding 4 per cent. of their assessed valuation, though in conflict with Const. art. 13, section 6, which provides that cities of such class may become indebted only 3 per cent. of the value of the taxable property therein, is void only to the extent of the repugnance in fixing the amount at 4 instead of 3 per cent.; and therefore bonds issued by a city under such act are valid, if it appears that the debt created thereby is within the constitutional limit."

The plaintiff in his petition attempted to follow the limitations placed in the title of said act, in that he alleged in said petition:

"That some of the proceedings relative to said tax certificates are defective, as are shown by the records of said county treasurer of which reference is hereby made."

The case here is on appeal from the judgment of the district court sustaining a general demurrer to plaintiff's petition. If the plaintiff was entitled to any relief under his petition as measured by the statute in its most favorable aspect, a general demurrer thereto should have been overruled, and while we think that the plaintiff's petition is very defective, in our judg-

ment, it is not subject to a general demurrer.

It is to be understood that we are passing only upon section 1 of said act as limited by the title thereto; neither are we passing upon certain other allegations contained in plaintiff's petition, but we are simply confining ourselves to that part of the plaintiff's petition which states in part a cause of action against the defendants as measured by section 1 of said act as limited by the title to the same.

The cause is reversed, with directions to overrule the general demurrer filed by the defendants.

HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

Note.—See "Statutes," 36 Cyc. p. 1033, n. 47; p. 1044, n. 99.