## LANGLEY v. MOULTON.

No. 21175. Opinion Filed July 19, 1932.

Earl A. Brown, Twyford & Smith, and G. Lee Gibbs, for plaintiff in error.

Potter & Potter, for defendant in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district

court of Carter county in setting aside a judgment of foreclosure of tax liens in a proceeding instituted, apparently, under chapter 12, Session Laws of 1925. The plaintiff in this case has had considerable experience in this court, according to published cases. It appears that she was the assignee of several tax certificates on various tracts of land, and she joined several causes of action in one suit, each arising out of a separate tax sale and based on a separate tax certificate, the lands being different and the parties being different. Some were served personally, some by publication, and among others served by publication it appears that the defendant in error, Ed R. Moulton, was so served as either being dead or his whereabouts unknown. On April 21, 1927, another affidavit for publication was filed, and proof of this publication was filed May 28, 1927.

The demurrer of the defendant, Ed R. Moulton, was filed in the case on June 14, 1927. That demurrer was based on lack of facts to make a cause of action, and misjoinder of causes of action, and was filed by Messrs. Cruce & Potter, as attorneys for Moulton. The journal entry shows that this demurrer was argued and disposed of on the 12th of March, 1928, and that the defendant was given five days to file an answer. This order was made by Judge Walden.

On the 29th of May, 1928, with the heading "L. M. Langley, Plaintiff, v. L. H. Bradford et al., Defendants," there is a journal entry of judgment and a recital of the court's approving the service had on F. J. Longmire and Ed R. Moulton, if living, but, if dead, on their unknown heirs. There is a further finding of mailing a copy of the petition with the publication notice attached thereto to all of the defendants whose addresses were known to the plaintiff and his attorney, and the court finds under the head of parcel 1 that there were taxes and fees, $63.37, interest $52.38, attorneys' fees $50, and other cost $20, on the N. ½ of the S. E. ¼ of the S. E. ¼, and the W. ½ of the S. E. ¼, and the N. E. ¼ of the S. E. ¼, all in sec. 1, twp. 4 S., R. 1 W. There is a judgment of condemnation to sale for the taxes and attorneys' fees, and other things, taxes to bear 18 per cent. and the other items 6 per cent., and an order of sale is required to be issued on demand and a foreclosure had. This has a blank space for the attorneys to O. K., but was not O. K.'d.

There appears an order of sale in the case of L. M. Langley v. L. H. Bradford et al., to sell the N. ½ of the S. E. ¼ of the S. E. ¼, and the W. ½ of the S. E. ¼ and the N. E. ¼ of the S. E. ¼ of sec. 1, twp. 4 S., R. 1 W., and to apply the proceeds to the payment of costs and the taxes and the penalties and $75 attorneys' fees, taxes to bear interest at 18 per cent. and the remainder at 6 per cent. There is a sheriff's return of a sale without appraisement of the property to L. M. Langley for $115.75, which was filed on the 10th of July, 1928. On the 11th of July, 1928, there is a motion to confirm the sale with the same heading, and the 11th of July, 1928, there is a confirmation of the sale to L. M. Langley of this 140 acres of land, with an order to issue a writ of assistance.

On the 10th of October, 1928, there appears a motion to vacate this judgment, and a judgment of April 13, 1928, under which a quarter section was sold, made by Ed R. Moulton, by his attorneys, Cruce & Potter, based on allegation of mistakes of the court clerk, and on irregularities contained in the proceeding, and a statement is contained that, on the 13th of April the order condemning for sale the S. W. ¼ of sec. 1 was made without being submitted to the attorneys, and the same with reference to the order on the 29th of May, 1928, and there was a claim that the amount of the judgments was excessive. and that the interest charged was greater than the law allowed, and that the attorneys representing the debtors were under the impression that judgments in the matter would not be insisted upon until the case of Langley v. Cox, then pending in the Supreme Court of the state of Oklahoma, had been decided, and a further statement that nothing was known of the judgments until Saturday night, October 6, 1928. This application was verified as being true, both by Mr. Potter, the attorney, and also by the client, Ed R. Moulton.

A response was made to this motion, stating that the motion did not state facts to entitle the defendant to the relief sought, and that in the copy of the motion docket used before the judgment was taken the case was properly listed, and the motion to vacate was not filed within three days after judgment was rendered and within the first three days of the term, and the judgments had become final and rendered at a term prior to the present term, and the proceedings were recited and the various steps in the foreclosure were set forth, and it was claimed that the plaintiff, Langley, had sold a part of the land to Eva M. Lind on the 3rd of July, 1928, and a deed had been filed for record on the 7th of July and recorded in Book 82. The constitutionality of Senate Bill No. 67, Session Laws of Oklahoma 1925, page 13, c. 12, was attacked by Moulton in a

reply, and it was alleged that the reasonable values of the lands that were sought to be taken by plaintiff were $6,000. This was verified by the defendant in error.

The evidence that was taken upon the hearing appears in the case-made, and the attorneys for the defendant testified and were cross-examined by the attorneys on the other side, and the court asked some questions and sustained the motion to vacate the judgment covering the tract still standing in the name of Langley, the plaintiff, covering the N. ½ of the S. E. ¼ of the S. E. ¼, and the W. ½ of the S. E. ¼, and the N. E. ¼ of the S. E. ¼ of sec. 1, twp. 4 S., R. 1 W., and the application to set aside the judgment of the 13th of April covering the S. W. ¼ was taken under advisement. This journal entry was O. K.'d by the attorneys, and it was followed by motion for new trial by the plaintiff below and its overruling.

On the 6th of March, 1929, an amendment was made by leave of court to the reply to the plaintiff's response to the defendant's motion to vacate, setting up the enactment of chapter 37, Session Laws of 1927, repealing chapter 12, Session Laws of 1925. Verified response was made to this, and the assertion is made that, by virtue of the repeal, the court did not lose jurisdiction. This response states that in the case of Langley v. Cox, No. 18667, 135 Okla. 291, 275 P. 638, appealed from Love county, Okla., the court had held that the repeal of the act would not affect pending suits, and that the record showed that an appearance entry had been made before the act was repealed.

On the 23rd of September, 1929, further testimony was taken, including the testimony of one of the attorneys of plaintiff, in which he gave his version of how the judgment had been taken and the five days being allowed to answer on the 12th of March, and judgment by default being taken on the 13th of April, and the S. W. ¼ being advertised for sale, and its being sold, and demand for the rent on the tenant. Claim was made that the attorney on the other side had not gotten his fee and he was not going to do any more. However, that was denied by the attorney. It developed in the cross-examination that the case had been stricken from the assignment sometime prior to the 12th of March, and that the attorney for the plaintiff told the court that he thought the attorneys for the defendant had abandoned the case and it was placed back on the docket. The court set the matter for hearing the 12th of March.

The attorney for Moulton denied being present when the demurrer was overruled. On the 23rd of September, 1929, the motion of the defendant, Moulton, to vacate the judgment, rendered on the 13th of April, covering the S. W. ¼ of sec. 1, twp. 4 S. R. 1 W., was overruled because the plaintiff, Langley, had executed a warranty deed to Eva M. Lind at Los Angeles, Cal., covering the S. W. ¼ of sec. 1, twp. 4 S., R. 1 W., upon the ground that it was incumbent upon Moulton to establish that the purchaser of this land was not an innocent purchaser. Exception was taken to it, and notice of intention to appeal to this court was given.

On the 23rd of September, 1929, the motion of L. M. Langley, Plaintiff, v. L. H. Bradford et al., for a new trial on the order of court setting aside the judgment rendered on the 29th of May, 1928, and foreclosing the plaintiff's tax lien on and against the N. ½ of the S. E. ¼ of the S. E. ¼, and the W. ½ of the S. E. ¼, and the N. E. ¼ of the S. E. ¼ of sec. 1, twp. 4 S., R. 1 W., in Carter county, Okla., was overruled, and notice of appeal to this court given.

The matter has been briefed by both sides, and has been submitted here upon the action of the court in setting aside the judgment of the 29th of May, 1928. As applied to the judgment that was set aside, we are not able to say that we think that the judge, who rendered that judgment on the showing made to him, did wrong in vacating it. It is clear that the attorneys for the defendant below had gotten the idea that these cases would not be disposed of until this court had passed on the case of Langley v. Cox. By an inspection of 135 Okla. Report, page 291, it can be found that the opinion in that case was filed March 12, 1929. From the response that was made in reply to this suggestion, as we find it in this record, which was filed and verified by the attorney for the plaintiff on the 8th of March, 1929, it appears to be practically conceded that the disposition of the case of Langley v. Cox, referred to in the motion of Moulton, was in the minds of the attorneys on both sides as a preliminary to the trial in this case.

The brief of the plaintiff in error, complaining of the vacation of the judgment, is divided into two propositions. The first is that the motion to vacate must show a defense, and the second is that where the only ground stated in the petition to vacate the judgment, after the term, is that the party or his attorney had neglected to keep informed as to the proceedings regularly had in the case, such petition presented nothing

to the court for consideration, and the provisions of section 810 to section 817, C. O. S. 1921 [O. S. 1931, secs. 556-563] are cited and referred to, and a great many cases are cited from this court dealing with various phases of the law in setting aside judgments. On the subject of defense in the present case, it is apparent that the plaintiff below was seeking to foreclose a tax lien, which carries with it the idea on its face that the property sought to be taken from the defendant by foreclosure proceeding as being subject to taxes could be relieved of the burden at any time before confirmation of sale on payment of the taxes and charges, so that a statement of ability and willingness to pay these taxes carried with it as much defense as there could be, if the taxes were valid, and we are not inclined to the belief that the applicant should have been turned out of court on the ground of not stating a defense to the action when he averred a willingness to pay lawful taxes and charges. It would be rather harsh to say that this was a case of fraud; rather it is one of mistake.

At page 134 the plaintiff's attorney gives his version of how it occurred, and he says:

"* * * This case was pending on the docket of the district court of Carter county, Okla., at the beginning of the year 1928, and sometime in February the case was set down on a motion docket, and I asked my partner, Mr. Ledbetter, to appear and have the case stricken from the docket, if possible. I was absent from Ardmore and when I returned I found that the case had been dismissed for want of prosecution. I filed a motion immediately for the case to be reinstated and the court made an order reinstating the case. It was then placed upon the motion docket set to be heard on the 12th day of March, 1928. At that time I appeared and the motion was taken up, it being the demurrer of Ed R. Moulton involving the land above described by me herein. Mr. Cruce of the firm of Cruce & Potter was in the court room at the time and I asked that the demurrer be overruled, and the same was overruled, and the defendant was given five days in which to answer. I notified the principal counsel in Oklahoma City that the demurrer had been overruled and five days had been given to answer; thereafter on the 13th day of April, 1928, I procured a judgment by default in said case. * * *"

The attorney then proceeds to detail the other steps that were taken, and his discovery of there being more land in question than the S. W. ¼ of sec. 1, which was embraced in his first judgment, and tells of the instruction of his associate attorneys at Oklahoma City to get the rents. On cross-examination of the attorney testifying, he admitted that he did not submit the journal entry to the local attorneys, and as excuse therefor said:

"Q. You did not submit this journal entry to us? A. No, sir; I did not. I waited a month before I did anything, I took it you had abandoned the case. I talked to young Mr. Potter and he told me he had not received any fee, but he was going to file a pleading to try to get his fee. Q. You did not talk to me? A. I never talked to you at all. Q. I was not there on the 12th day of March? A. I don't remember seeing you there, you are generally there."

Later on the following:

"Q. You thought Mr. Moulton was not going to fight the case? A. I did not think—when the case was stricken from the docket I thought it was time for me to get busy and active in the prosecution of the case. By the Court: When you brought it to the attention of the court, the court never hesitated to reinstate the case? A. That is right, when I mentioned the circumstances of the case and I told the court, I thought the attorneys for the defendant had abandoned the case it was reinstated and the court set the case for the 12th day of March, and then I waited 15 or 20 days after the time expired to file and answer before I asked the prepared journal entry of judgment."

The knowledge was denied by the counsel for Mr. Moulton of the case having been set for hearing. The attorneys for the defendant denied any intention to abandon the case, or any deduction to that effect. Evidently when the court found the mistake made in dismissing the case, it did not require a very formal motion to get it restored, as there is no evidence that the defendant's attorneys knew of it. The act under which the proceeding was had was shortly repealed by the Legislature, probably owing to the abuses that were made of it, but there is a constitutional provision that keeps alive the proceedings in this case. If the recitals of the record, and the default, are taken into the account, this was a default judgment on constructive service, but as a matter of fact the complaining party here had appeared by attorney and filed a demurrer on the merits.

As we view the matter, notwithstanding some of the decisions that could be produced, that the attorney must keep himself advised of the proceedings in any case, when the attorneys for the defendant had filed a demurrer and had a right to believe that the case would not be pressed for a conclusion until another case involving the questions herein was passed on by the Supreme Court, they were not negligent in not attending every session of the court to see

what was done. All the attorneys were in the same town, and it should have been known that a man whose property was worth several hundred dollars would not intentionally let it go for a small amount of taxes. Clearly, the court below recognized that mistakes had occurred and that it was unjust to deprive defendant in error of his property, and decreed accordingly.

The plaintiff in error has filed a brief, with an abstract of the evidence and the pleadings, and makes the argument under proper assignments of error that the petition to vacate should show a defense, and that the negligence of the attorney to keep informed as to the proceedings was the negligence of the client, and insists upon compliance with the Oklahoma statute, and quotes the statute on the subject, as well as some decisions on the subject of the powers of the court to set aside judgments after the term, and a long line of decisions is quoted to establish the fact of a lack of defense, and some reference is made to a petition to set aside for fraud practiced by the plaintiff, and reliance is placed upon Ross v. Irving, 96 Okla. 124, 220 P. 642, Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 P. 464, and several more cases upon the same order, and the point is made that until the court acquired jurisdiction it could not exercise discretion.

The defendants in error have filed a counter brief, urging the opposite, and insisting that the irregularities in the case in the manner of procuring the judgment are sufficient to justify the judge, who rendered the original judgment, in vacating it after the term. Several cases are cited upon the necessity of the defense being set out, and also argument is made that the verified motions had the effect of a petition, and that the parties appeared so as to bring it under other subdivisions of the statute permitting judgments to be set aside after the term.

As applied to the present case, it appears that at the beginning a sweeping injunction was made against the county treasurer receiving any payments on any of the certificates involved in the litigation. Stress is laid upon the doctrine of Nation v. Savely, 127 Okla. 117, 260 P. 32, holding that the term "irregularity" is not well defined, and that in acting on motions to set aside default judgments the judge should be guided by sound discretion, and the case of Hale. Trustee, v. McIntosh, 116 Okla. 40, 243 P. 157, is brought to our attention as holding that a mistake of the attorney, not keeping up with the docket, is not always fatal, and there are times when it is excusable, and the policy of the law ought to be to give everybody a fair chance to have his litigation disposed of after a hearing. The syllabus in that case is as follows:

"1. Where a person employs and pays counsel to represent him in a cause, he has a right to rely upon such counsel to inform him as to the time his case will be for trial, where it is assigned for some special date other than the time it would come on for trial in its regular order, and to advise such person of all the necessary things required of him in order that his case may be properly presented to the court.

"2. It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by his conduct has misled parties as to the time cases will be tried, the absence of such parties will be excused.

"3. Record examined, and held, the motion to vacate the judgment has sufficient averments as a petition and states facts sufficient to entitle the plaintiffs to the relief prayed for."

The body of the opinion sustains that syllabus.

A quotation is contained from the case of Anderson v. Graham, 87 Okla. 278, 210 P. 281, from the Supreme Court of Iowa, (Peterson v. Koch, 110 Iowa, 19) as follows:

" 'The law regards the negligence of an attorney as the client's own neglect, and will give no relief from the consequences thereof. Abstractly speaking, this is correct, but if the negligence of the attorney is not such as may be imputed to the client, and is such as to cause unavoidable casualty or misfortune, preventing the client from prosecuting or defending, it is ground for new trial.' "

The syllabus in the case of Lott v. Kansas Osage Gas Co., 139 Okla. 6, 281 P. 297, is as follows:

"1. An application to set aside a default judgment filed after the term at which it was rendered, is addressed to the sound legal discretion of the trial court. Such discretion should always be exercised so as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has been refused."

The body of the opinion in that case sustains the syllabus, and while it is true that in the present case the seventh ground of unavoidable casualty does not appear to be by name relied on, it is equally true that in the present case the failure to file an answer in the matter and have a regular

trial was, as we think, unavoidable casualty or misfortune, even though the attorneys on the other side had been able to get a dismissed case restored, judgment taken, and property sold, all without the knowledge of Moulton's attorneys, in view of the defendants being denominated L. H. Bradford et al.

Another feature of the case that is argued in the briefs is the unconstitutionality of the procedure. We do not deem it necessary to pass upon the effect of that, as applied to this case. Suffice it to say that the act was declared to be unconstitutional in a recent case, decided by this court, of Casner v. Meriwether, 152 Okla. 246, 4 P. (2d) 19. As applied to the present case, everybody appeared, and the motions to vacate were duly verified.

On general principles of justice, the proceeding should have been set aside, and whether the court assigned good technical reasons for so doing would be immaterial, if right and justice required and the statutes permitted.

The judgment appealed from is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, C. J., CLARK, V. C. J., and McNEILL, J., absent.