Opinion of the court, by
Judge Wright:
After a verdict of guilty in this case, the defendant applied, under the occupancy claimant laws of Ohio, to have the value of his improvements assessed by three freeholders. The report of these freeholders being filed, it is objected to by the plaintiff because-the occupying claimant law contravenes section 8, of article 8, of the constitution of Ohio, which is in these words : “ The right of' trial by jury shall be inviolate.”
The counsel for the plaintiff rely upon the decision of the Supreme Court of the United States in the case of Green v. Biddle, 8 Wheat. 1. That ease determined that the occupying claimant act of Kentucky of 1812 impaired the obligation of the compact, between that state and Yirginia, of 1789, and so infracted the provision in the constitution of the United States prohibiting the-passage of a law impairing the obligation of contracts. The very-able judge who delivered the opinion of the court in that case, in reasoning upon the occupying claimant laws of Kentucky, does indeed determine it to be incompetent to the State of Kentucky,, or even the judges of the United States court, by rule, to introduce into the courts of the Union changes affecting a fundamental right incident to remedies in its courts of law, but he leaves un *120 touched the question how far the legislative power of the state was adequate to effect this change in its own courts.
The occupying claimant laws of Ohio came under the consideration of the same court ih the case of the Bank of Hamilton v. Lessee of Dudley, 2 Peters. ,In that case the court concede that the state has the power to secure to claimants of lands their possessions until paid for lasting improvements made by them on the land, but denies the power of the state, by ,its enactments, to “change radically the mode of proceeding prescribed for the courts of the United States, or direct those courts in a trial at cornmon *law to appoint commissioners for the decision of questions which a court of common law must submit to a jury.” Such a proceeding the court suppose would conflict with the clause in the constitution of the United States, which declares that “ in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.” It appears to us obvious that the provision of the constitution just quoted applies only to the courts of the United States, and does not prescribe a rule of practice for the courts of a state. In that case, the courts expressly determine that “the inability of the courts of the United States to proceed in suits at common law in the mode presented by the occupant law of Ohio does not deprive the occupant of the benefit intended him. The modes of proceeding which belong to courts of chancery are adapted to the execution of the law, and to the equity side of the court he may apply for relief. Sitting in chancery, it can appoint commissioners to estimate improvements, as well as rents and profits, and can enjoin the exeoution of the judgment at law until its decree shall be complied with and that on the chancery side of the United States courts the law can be executed. We understand this decision as affirming the" constitutionality of the law so far as it provides for the relief intended to the occupant, but that it is incompetent for the federal courts under the constitution of the United Stales to afford the relief or ascertain the damages, on the law side of those courts, by commissioners instead of a jury. We think the constitution of 'Ohio interposes no such restriction upon the action of this court.
This opinion renders it unnecessary to inquire what a jury is in the meaning of the Ohio constitution, or whether it consist of twelve, or any other number of persons. The late Judge Wilson, in his Lectures on Law, 2 vol. 300, defines a jury to be “ a convenient *121 number of citizens, selected and impartial, who, on particular occasions, or in particular causes, are vested with discretionary powers to try the truth of facts on which depend the property, the liberty, the reputation, and the lives-of their fellow citizens.” Mr. Jacobs, in vol. 3 of his Law Dictionary, 566, says a jury is “a certain number of men sworn to inquire of and try a matter ■*of fact, and declare the truth upon such evidence as shall be given them in a cause, and they are sworn judges upon evidence in matters of fact.” We are not aware that we shall profit in the pursuit of this inquiry further.
The constitution of Georgia, in article 61, declares “the trial by jury shall remain inviolate forever.” In the case of Cooper v. Telfair, 4 Dallas, 16, the Supreme Court of the United States decided that an act of the legislature of Georgia of attainder and confiscation against one of her citizens was constitutional, though no jury intervened. If this be law, little difficulty will be experienced in awarding to the Ohio legislature, under our constitution, power •to pass the occupying claimant law. Indeed we are unable to discover wherein the law of Ohio conflicts with the constitution of Ohio. Were we to decide otherwise, there is a series of legislative acts, commencing with the organization of our government and continuing to this time, that we should be compelled to declare void. We allude to enactments providing juries in cases of forcible entry and detainer, for the trial of the rights,of property, for the assessment of damages where private property has been taken for public use, for inquiry in cases of idiocy, lunacy, etc. Upon the principle assumed all these are contrary to the constitution, and all rights acquired under them are void and of no effect. To sustain such a decision we should have unquestionable authority and a firm conviction that the constitution has been clearly violated. The case in hearing is not one of that kind.
It follows from this opinion that the objections filed to the report of the commissioners in this case are overruled.