HON. JNO. H. BURFORD, CHIEF JUSTICE.
HON. CLINTON F. IRWIN,
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
HON. FRANK E. GILLETTE,
HON. J. L. PANCOAST,
HON. JAMES K. BEAUCHAMP,

ASSOCIATE JUSTICES.

GEORGE P. UHL v. W. T. GRISSOM.

(Filed February 5, 1903)

1. OCCUPYING CLAIMANTS—Right of Trial by Jury to Assess Damages—Tax Deed—Ejectment—Procedure. George P. Uhl was the owner in fee simple of lot No. 12 in block No. 47, in the city of Stillwater, Payne county. He failed to pay taxes which had been legally assessed and levied against it, and which the county treasurer had been commanded to collect. The lot was sold at tax sale to one Mrs. Sarah Clark, who never recorded her deed. She sold the lot, by oral contract, to the defendant, W. T. Grissom, who paid the purchase price and went into the quiet possession thereof, and placed thereon valuable and lasting improvements, but never had any written contract with Mrs. Clark for the same. In an action in ejectment by Uhl against Grissom, and in which the judgment was rendered for Uhl on account of irregularities in the tax sale, it was correctly held that the occupying claimants law of 1893 gives to the defendant, Grissom, the right to

recover pay for his improvements; but, although the law gives him the right to recover pay for such improvements, the procedure provided for assessing the value of such improvements is unconstitutional and void for the reason that it denies a trial by jury in an action at law which involves more than twenty dollars. (Art. 7 of amendments to the constitution of the United States.) And the trial court, in assessing the value of the occupying claimant's improvements, committed reversible error.

2. SAME—Value of Improvements Determined, How. The legislature in 1901, (Chap. 22, Sess. Laws of 1901), amended the procedure of 1893 in actions to assess the value of improvements made on land by occupying claimants, so as to give the parties a jury trial; and the amendment of 1901 also provides that all actions then pending in the courts of this territory, involving the rights of occupying claimants, shall be governed by the provisions of that act. And, inasmuch as the defendant, at the time of the former trial, was, under the law, entitled to pay for his improvements, but could not recover simply because the legislature failed to provide for him a remedy, but have done so now, this case will be remanded with directions to proceed under the law as amended in 1901, and give to the parties, if either demands it, a jury trial.

3. SAME—Can Recover for Improvements, When. Where one is in the quiet and peaceable possession of real estate, and makes valuable and lasting improvements thereon, and subsequently buys the land at tax sale, and receives a tax deed therefor, in an action of ejectment by the former owner against him, if the plaintiff is successful, the holder of such tax deed is not entitled to pay for his improvements as an occupying claimant, the improvements having been made before he acquired any rights under the tax deed.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before John H. Burford, Trial Judge.*

*Geo. P. Uhl,* for plaintiff in error.

*F. C. Hunt,* for defendant in error.

Reversed and remanded.

Opinion of the court by

BURWELL, J.: George P. Uhl commenced an action in the district court of Payne county to eject one W. T. Gris-

som from lot number twelve in block number forty-seven in the city of Stillwater. Issues were joined, and a trial had, which resulted in a judgment in favor of the plaintiff and he was awarded the possession of the lot, upon paying to the defendant the value of his improvements, for which the court held the defendant could recover under the occupying claimants law. The defendant did not appeal from the judgment against him in ejectment, but demanded a jury under the statute, to assess the value of his improvements, which was drawn, empaneled and sworn and, after an inspection of the premises, it returned a verdict, in which it found the value of the defendant's improvements. From this award the plaintiff appeals to this court.

This case presents two questions: First: is the occupying claimants act, (Statutes of 1893), a valid and binding law? and, Second: Was any error committed by the trial court and the other officers in ascertaining the value of the defendant's improvements, to the prejudice of the plaintiff?

The law, in so far as it confers upon one who, in good faith, makes valuable and lasting improvements upon land of which he is in possession under color of title, or under a tax deed, the right to recover the value of such improvements, is valid and binding, and is not in conflict with any of the provisions of the constitution of the United States. Laws of this character have been in force in the different states for many years; in fact, for more than a hundred years occupying claimants laws have been criticised by the ablest lawyers and construed by the highest courts of the states and nation; and, with the exception of one case, so far as we have been able to investigate, statutes authorizing a recovery for valuable and

lasting improvements, made in good faith under color of title
by one in possession, have invariably been sustained.   And in
the one case which is the exception, the right was denied be·
cause it violated the obligations of a contract or compact en·
tered into between Virginia and Kentucky; and the supreme
court of the United States denied the power of Kentucky to
take away from its citizens any of the rights guaranteed by the
compact, which had, at least by implication, been ratified and
approved by congress.  (*Green  v.  Biddle,*  8  Wheat.  [U.
S.]  574.)

I. It is contended by the plaintiff in error, that even if
the legislature has the power to enact such a law, the case
under consideration is not such as falls within its provisions.
In order to determine this we must notice the facts a little
further.   The lot was sold twice for taxes.   The first deed
was issued January 25, 1895, to Sarah Clark, and she sold
the lot by oral contract to the defendant, Grissom, who went
into possession and made the improvements in controversy
thereon during the years 1895 and 1896, and continued to live
on the lot at the time of trial.   In November, 1897, the de-
fendant, W. T. Grissom, obtained a tax deed from the county
treasurer in his own name.   The deed of 1897 was received af-
ter the defendant had made all of his improvements.   There-
fore, he cannot claim any rights under it.   (*The Board of Re-
gents v. Linscolt,* [Kan.] 1 Pac. 81.)   It is different, however,
with the Clark deed; and while that deed was irregular, and
appeared so upon its face, yet the defendant claimed under
it, and probably believed that it conveyed a good title to
Clark; and although the defendant had no conveyance from
Clark except an oral contract for the land, he, being in pos-

session, and having paid the purchase price therefor to Clark, should be permitted to claim all of the advantage which Clark could have claimed if the improvements had been made by her.  Under most of the statutes one must have improved under color of title, or he cannot claim the benefit of the occupying claimants law; but our statute is different.  Section 4499 of the Statutes of 1893, provides:

"The time by which the successful claimants succeeds against the occupying claimant, in all cases of lands sold for taxes, by virtue of any of the laws of this territory, shall be considered an adverse and better title, under the provisions of this article, whether it be the title under which the taxes were due, and for which said land was sold, or any other title or claim whatever; and the occupying claimant holding possession of land sold for taxes, as aforesaid, having the deed of a collector of taxes or county clerk, for such sale for taxes, or a certificate of sale of said land from a collector of taxes or a county treasurer, or shall claim under the person or persons who hold such deed or certificate, or any other title or claim whatever, shall be considered as having sufficient title to said land to demand the value of improvements under the provisions of this article."

The taxes for which the land was sold when Mrs. Clark bought it, were, so far as the evidence discloses, regularly assessed and levied, and were a lien upon the land; and the section of the statutes just quoted expressly gives the holder of a tax deed, or one claiming under the holder of such tax deed, the benefit of the law in question, provided that such claimant is in the quiet possession of the land.  (Sec. 4498, Stats.  1893.)    And Kansas has held that,  although  a tax deed is void upon its face, still the occupying claimant should be awarded the benefit of the law.   In the case of *Smith v Smith,* 15 Kan. 290, it is said:

"Where a person is in possession of certain real estate, holding the same under a tax deed executed in 1864, upon a tax sale certificate issued in 1862, to a county, and assigned in 1864 to the holder of the tax deed by the county treasurer, who had no authority at that time to assign the same; and where such person has, while holding said real estate under said tax deed, made lasting and valuable improvements on said real estate: Held, that although said tax deed is void upon its face, yet, that the holder thereof, when an action is brought against him by the original owner of said real estate for the recovery of the same, is entitled to the benefit of both the 'occupying claimant act' and of section 117 of the tax law." (See also *Stebbins et al. v. Guthrie et al.* 4 Kan. 353.)

A case probably might arise where an occupant could not recover under a tax deed for his improvements; as, for instance, where the treasurer had no authority to collect the tax; but upon this we express no opinion. In the case under consideration the treasurer had authority to collect the taxes and the assessment and levy were regular, and the tax title failed because of irregularity in the sale; and in a case of that kind the occupant should have pay for his improvements made in good faith. But this brings us to a more serious problem. Section 4500 of the Statutes of 1893 provides:

"The court rendering judgment in any case provided for by this article, against the occupying claimant shall, at the request of either party, cause a journal entry thereof to be made and the sheriff and clerk of the court, when thereafter required by either party, shall meet and draw from the box a jury of twelve men of the jurymen returned to serve as such for the proper county in the same manner as the sheriff and county clerk are required by law to draw a jury in other cases; and immediately thereupon the clerk shall issue an order to the

sheriff under the seal of the court, setting forth the name of the jury and the duty to be performed under this article."

Section 4501:

"The jury drawn and named in said order shall immediately, on being notified by the sheriff, proceed to view the premises in question, and then and there, on oath or affirmation, to be administered by any competent authority, assess the value of all lasting and valuable improvements, made, as aforesaid, on the lands in question, previous to the party receiving actual notice, as aforesaid, of such adverse claim; and shall also assess the damages, if any, which said land may have sustained by waste, together with the net annual value of the rents and profits which the occupying claimant may have received from the same, after having received notice of the plaintiff's title, by service of a summons, and deduct the amount thereof from the estimated value of such lasting and valuable improvements; and said jury shall also assess the value of the land in question, at the time of rendering judgment as aforesaid, without the improvements made thereon, or damages sustained by waste as aforesaid."

Section 4502:

"In case any one or more of the jury named in said order shall be absent from the county, of kin to either party, or, from any other cause, disqualified or unable to serve upon such jury, the sheriff shall have power to summons talesmen, as in other cases, who shall be qualified and serve on such jury in the same manner as if originally drawn and named in said order."

Section 4503:

"The jury shall sign and seal their respective assessments and valuations, aforesaid, and deposit the same with the clerk of the court by whom they were appointed, before the first day of the next term of said court after said order is

made; and if either party shall think himself or herself aggrieved by any such assessment or valuation aforesaid, he or she may apply to the court, at the term to which the proceedings are returned, and said court may, upon good cause shown, set aside such assessment or valuation, and order a new valuation, and appoint another jury, as herein before provided, who shall proceed in the same manner as herein-before directed."

Section 4504.

"If the jurors shall report a sum in favor of the plaintiff or plaintiffs in said action, for the recovery of real property on the assessment and valuation of the valuable and lasting improvements, and the assessment of damages for waste, and the net annual value of the rents and profits, the court shall render a judgment therefor without pleadings, and issue execution thereon as in other cases; or if no excess be reported in favor of said plaintiff or plaintiffs, then, and in either case, the said plaintiff or plaintiffs shall be thereby barred from having or maintaining any action for mesne profits."

There are other sections relating to the right of the owner of the land to accept pay therefor, and to the execution of the judgment, etc. Those provisions quoted refer to the procedure; that is, to the manner of assessing the damage to the land, if any; the rents and profits, if any; and the value of the lasting and valuable improvements. Nowhere in the act is there any provision for a jury trial in the first instance, or upon review by the district court, regarding the rents and profits, the value of the improvements, or the permanent injury to the land. The determination of each of these questions involves the trial of an action at law, and if the amount involved is more than twenty dollars, either of

the parties is, as a matter of right, entitled to a trial by jury under the constitution of the United States, which is in force in this territory. The state courts have upheld the procedure pointed out by our own legislature, except in some states a less number than twelve view the premises and assess the damages; but article 7 of amendments to the constitution of the United States is in force in the territories, and the state courts concede that, wherever it is in force, such procedure cannot be binding. (*Lessee of Hunt v. McMahan,* 5 Ohio Rep. 132.)

The territory of Iowa enacted a law through which it was sought to partition the land of certain half-breed Indians, and quiet the title of such land by means of commissioners, without the intervention of juries. In the case of *Webster v. Reid* 11 Howard, (U. S.) 437, the supreme court of the United States says:

"By the seventh article of the amendments of the constitution it is declared: 'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.' The organic act of the territory of Iowa, by express provision and by reference, extended the laws of the United States, including the ordinance of 1787, over the territory, so far as they were applicable. The act under which the above proceeding was had prohibited the trial by jury in matters of fact on which the suits were pending. In this respect the act was void."

And again in the case of *Black v. Jackson,* 177 U. S. 363, the supreme court of the United States denied the power of the territorial courts to grant mandatory injunctions to remove the unsuccessful contestants from land not patented,.

because it prevented the parties from having a trial by jury. The court said:

"The suggestion referred to leaves out of view the distinction made by the constitution of the United States between cases in law and cases in equity. And it also fails to recognize the provisions of the seventh amendment securing the right of trial by jury in 'suits at common law' where the value in controversy exceeds twenty dollars. The amendment, so far as it secures the right of trial by jury, applies to judicial proceedings in the territories of the United States." (Citing *Webster v. Reid,* 11 Howard, 437; *American Publishing Co. v. Fisher,* 166 U. S. 464-466; *Springfield v. Thomas,* 166 U. S. 707.)

Entertaining the views herein expressed, we are of the opinion that the procedure provided in the occupying claimants acts of 1893, is in violation of article seven of the amendments to the constitution, and is therefore void; and while the act designates the twelve men, who may be selected to appraise the improvements, rents, etc., as a jury, they are in fact only commissioners, and are not a jury within contemplation of the constitution. It necessarily follows that the order of the trial court confirming and approving the verdict of the jury (commissioners), and its judgment in favor of the occupying claimant, was error, for which the case should be reversed. It will be seen that, under the law we have been considering, the legislature gave to the defendant a right to recover for the value of his improvements, but failed to provide him with a remedy whereby he could recover a valid judgment, and were the procedure in such cases unchanged, this court should direct the trial court to dismiss his action for the value of his improvements; but the legislature of 1901 repealed sections 4501, 4502, 4503,

and other sections of the Statutes of 1893, and amended sections 4500 and 4505 of the same statutes, so as to provide for a trial by common law jury, and further provided that all actions then pending in the courts of this territory, involving the rights of occupying claimants, shall be governed by the provisions of the act as amended. The defendant's action is still pending in this court, and the legislature has now afforded him a remedy by which he may enforce his right to recover pay for his improvements, if the evidence will justify a judgment in his favor.

For the reasons herein stated, the judgment and order appealed from are hereby reversed, vacated and held for naught; but the judgment in favor of Uhl will remain undisturbed, and the case is hereby remanded with directions to proceed in conformity with the views herein expressed, and the occupying claimants law as amended by the Session Laws of 1901. Costs of this appeal taxed to Grissom.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.