## COOLEY v. SMITH.

No. 19252.   Opinion Filed Oct. 15, 1929.

C. B. Leedy, and L. E. Moyer, Jr., for plaintiff in error.

C. W. Herod, for defendant in error.

HERR, C.  This is an action originally brought in the district court of Ellis county by Ida M. Cooley against Mary M. Smith to foreclose a tax lien on the S.E.¼ of the N.E.¼ of section 23, township 23 N., of range 26 W., Ellis county.

Plaintiff claims her lien under a resale tax deed, and brings this action under the provisions of chapter 12, S. L. 1925, which law was still in effect at the time this action was brought.

It appears from the tax deed relied on by plaintiff, and attached to her petition as an exhibit, that the last half of the tax for the year 1917 was delinquent; that the land was sold to the county for taxes in 1918, and that plaintiff purchased the same at a tax resale in the year of 1921.

Defendant denies that the taxes were due and delinquent for the year 1917, as claimed by plaintiff, and alleges that she paid the entire tax for said year; and further alleges that by reason thereof, the sale of said land for taxes was void, and that the plaintiff acquired no lien by virtue of said purchase. She further pleads that the tax deed is void for the reason that no proper notice of the resale was given, and for other reasons which we need not here relate.

The trial court found against defendant's claim that she had paid the entire tax for the year 1917, and found that the land was properly sold because of the failure to pay such tax. We think this finding of the trial court is clearly supported by the evidence, and defendant must fail on this phase of her defense.

The court further found that the notice of resale at which plaintiff purchased was fatally defective, and held plaintiff's resale tax deed void, and further held that by reason thereof plaintiff acquired no tax lien against the premises.

To reverse this judgment, plaintiff appeals.

It is clear that the taxes were legally assessed against the land and constituted a valid charge against the land at the time of sale.

Assuming, then, that plaintiff's resale tax deed is absolutely void for the reason assigned by the trial court, still, under the provisions of the act relied upon, she had a lien on the land for the taxes due and paid by her at the time of the resale, together with interest, penalties, and costs and all subsequent taxes paid by her.

One of the purposes of the enactment of the law in question, as appears from the title thereof, was to give a tax title holder relief when holding under a void tax deed. Had the deed in question been valid and the proceedings leading up to the sale regular, the act in question would not apply and no proceedings could have been taken thereunder. Langley v. Cox, 135 Okla. 291, 275 Pac. 638. Under the holding in the above case, by virtue of the provisions of the act under consideration, plaintiff has a lien on the land purchased as therein provided, even though her tax deed be void, and is entitled to a decree foreclosing the same.

The view taken renders it unnecessary to pass upon the other errors assigned.

Judgment should be reversed and the cause remanded, with directions to the trial court to ascertain the amount due plaintiff under

her lien, and to render a decree of foreclosure accordingly.

TEEHEE, JEFFREY, HALL, and DIFFENDAFFER, Commissioners, concur.

LESTER, V. C. J., and ANDREWS, J., dissent.

By the Court: It is so ordered.

Note.—See under (1) anno. 31 L. R. A. (N. S.) 1141; 26 R. C. L. pp. 336, 229. See "Taxation," 37 Cyc. p. 1533, n. 73, 76.