## CASNER et al. v. MERIWETHER.

No. 20255. Opinion Filed July 14, 1931.

Rehearing Denied Oct. 20, 1931.

Watts & Broaddus, for plaintiffs in error.

Twyford & Smith, Leo G. Mann, and W. R. Banker, for defendant in error.

ANDREWS, J. This action was commenced on January 20, 1926, in the district court of Wagoner county, Okla., by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants. The purpose thereof was to foreclose tax liens on various tracts of land in Wagoner county, under and by virtue of the provisions of chapter 12, Session Laws of 1925, hereinafter referred to as "the act." The cause was tried to the court, and judgment was rendered for the plaintiff, from which an appeal was taken to this court.

The act was repealed by Senate Bill No. 146 (chapter 37) of the Session Laws of 1927, after the commencement of this action and prior to judgment herein. The defendants assert that it was unconstitutional and void.

In the case of Langley v. Cox, 135 Okla. 291, 275 Pac. 638, this court had under consideration a judgment of a trial court sustaining a demurrer to a petition filed pursuant to the provisions of the 1925 act. The only contention therein discussed was that the title to the act limited the right of action to certain classes of tax certificates or deeds, whereas the body of the act included the right of action on all tax deeds and certificates. This court therein held:

"Where the title to an act of the Legislature restricts the operation thereof to a certain class and the body of the act includes all classes, the act thereof will be upheld to the extent of restricting the same to the class named in the title"

—and reversed the judgment of the trial court, with directions to overrule the general demurrer to the petition that had been sustained by the trial court. The decision in that case in no wise can be considered as a construction of the constitutionality of the 1925 act.

The record shows that the trial court rendered a judgment in favor of the plaintiff, not only for the amount of the taxes paid by the plaintiff, the accrued penalties, and the accrued costs, but for an attorney's fee of $75 on each of the causes of action here complained of, "that the plaintiff do have by virtue of said tax sale certificate a lien paramount and superior to any lien, interest, or title of the defendants herein for payment

of said sums upon the lands and real estate described, * * *" and directing a sale of the land at public auction to the highest bidder for cash, without appraisement, in satisfaction of the lien.

The order of the trial court fixing an attorney's fee of $75 on each cause of action and decreeing the same to be a lien upon the land operated to burden the land of the defendants in addition to the burdens that might have been imposed thereon prior to the taking effect of the 1925 act.

The title to the act is as follows:

"An act providing for the enforcement of tax liens on lands and town lots, by foreclosure proceedings, where the tax sale certificates, tax deeds, or any of the proceedings relating thereto are void, voidable, or defective, and for a disposition of the proceeds of sales thereunder, and for the redemption of such lands and town lots."

The title to the act does not clearly express an intent to give the same a retroactive effect. The body of the act states that it shall apply to tax sale certificates "heretofore or hereafter issued." The requirement of section 57, art. 5, of the Constitution of Oklahoma, is that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. One of the primary objects of the section is that the title of an act shall bear clear notice, not only to the legislative body, but to the electorate of the state, of what the act may contain. State ex rel. Short v. Johnson, 90 Okla. 21, 215 Pac. 945. An examination of the title discloses nothing that can be construed to inform either the members of the Legislature or the electorate of the state that there was any intent to provide for the imposition of burdens and to grant rights retroactively. For that reason, the entire act is in violation of the constitutional provision.

There is no provision in the act which, in terms, imposed a lien upon the land for attorney fees. If any such lien was therein provided for, it was by inference. The only provision in the act as to attorney fees was with reference to the application of the proceeds arising from the sale of the land. The court clerk was therein authorized to apply the proceeds arising from a sale of land to the payment of all costs of the action and sale, including an attorney's fee to the lienholder's attorney to be allowed by the court. The taxes involved in the action accrued and the tax sale certificates were issued long prior to the adoption of the 1925 act. If the act was retroactive in effect, so as to afford the plaintiff a right not theretofore existing or to impose a burden upon the land not

theretofore authorized, the provisions therefor were not valid. Section 15, art. 2, of the Constitution. Anderson v. Ritterbusch, Co. Treas., 22 Okla. 761, 98 Pac. 1002. If the act authorized the imposition of a lien upon the land for an attorney's fee, it was in direct conflict with that constitutional inhibition. If the act did not violate that provision, then the order of the district court providing for a lien for attorney's fees was without authority and void.

The plaintiff contends that no new right was granted and that no new obligation was imposed by the act. In his brief, he says, "Our answer to the brief of plaintiffs in error is: Chapter 12, S. L. 1925, is remedial only, and creates no new rights." In the language of the plaintiff in his brief:

"Under our statutes in force prior to the enactment of this foreclosure act, the holder of a certificate had a lien on the property covered thereby. This act only gives a new method of enforcing that right, a method which has been adopted in many states."

That contention is in conflict with the further contention of the plaintiff that he was entitled to recover an attorney's fee, and to have the same fixed as a lien upon the land. If, under the provisions of the act, he was entitled to have an attorney's fee fixed as a lien upon the land, his contention fails, for that gave him a right that he did not theretofore have, to wit, to recover for his attorney's fee, and imposed an obligation on the land of the defendants not theretofore existing, to wit, the subjecting of the land to the payment of the attorney's fee. Prior to the adoption of the act, the procedure authorized the service of a notice of intention to apply for a tax deed and for the issuance of a tax deed upon application after notice. There was no provision for the payment of an attorney's fee. While doubtless it would have been advisable for the holder of a tax sale certificate to have an attorney prepare the necessary papers and supervise the proceedings incident to the issuance of a tax deed, no provision for compensation of an attorney at the expense of the land had been made. The act either provided for the imposition of an attorney's fee and the fixing of a lien upon the land therefor, or it did not. If it did, that provision of the act was void for the reason that no intent therefor was included within the title to the act. Section 57, art. 2, of the Constitution. If it did not, then the judgment of the trial court is void as an excess of of authority.

The plaintiff contends that the 1925 act was a procedural act, and that, under the decisions of this court, no person has a vested right in a particular mode of procedure.

This court has uniformly held to that effect, and under those decisions the procedure for obtaining a tax deed may be changed by the Legislature. However, in our opinion, the act in question was not limited to procedure. It granted rights and imposed obligations not theretofore existing. It was a substantive as well as a procedural statute. Among the substantive features thereof, we call attention to the following:

The holder of a tax sale certificate was therein given a lien "for the value of all improvements placed thereon by such lienholder and those under whom he holds or claims." Under the statutes existing prior to that time, the holder of a tax sale certificate was not entitled to possession of the real estate described therein prior to the issuance of a tax deed (Eager v. Pugh, 123 Okla. 207, 253 P. 41; Honeyman v. Andrew, 124 Okla. 18, 253 P. 489); and he was not entitled to recover the value of improvements placed on the land by him prior to the issuance of a tax deed. Uhl v. Grissom, 12 Okla. 322, 72 P. 372.

Under the act the lien of the holder of a tax sale certificate was declared to be "superior to any other lien, except that of the s'ate and junior tax sales." Under the statutes theretofore existing, the lien of the holder of a tax sale certificate was not superior to a lien for special improvement purposes evidenced by sewer warrants, paving bonds, etc. Section 4609, C. O. S. 1921. The act in question clearly impaired the obligation of contract as to the holders of special improvement liens, and afforded them no remedy, for it provides that only persons "having an interest in said land, as shown by the records in the offices of the county clerk and court clerk of said county," should be made parties defendant. Nelson v. Pitts, Co. Treas., 126 Okla. 191, 259 Pac. 533; Pitts, Co. Treas., v. Allen, 138 Okla. 295, 281 Pac. 126.

Under the statutes as they existed prior to the adoption of the act, the lien of a tax sale certificate holder was subject to the right of infants, idiots, and insane persons to redeem any land belonging to them and sold for taxes within one year after the expiration of such disability. Section 9747, C. O. S. 1921. Denney v. Akers, 117 Okla. 274, 247 Pac. 34. The act made no such exception and limited the right of minors, idiots, or insane persons to the recovery of the balance of the proceeds arising from the sale of the land after the payment of costs, attorney's fees, and all sums due the lienholder, including the value of improvements placed on the land by the lienholder.

Under the law existing prior to the adoption of the act, the holder of a tax sale certificate was not entitled to possession of the real estate, and the holder of a tax deed could obtain possession of the real estate adversely held only by an action brought within one year after the recording of the tax deed. Section 9753, C. O. S. 1921. The act provided that, upon request of the purchaser at the sale pursuant to the foreclosure, "a writ of assistance shall issue to place said purchaser in possession of said land." Laws 1925, c. 12, sec. 2.

Under the law theretofore existing, before the holder of a tax deed could recover possession from the owner in possession, he was required to establish the validity of his tax deed. Under the act he was permitted to acquire possession after purchase at foreclosure sale through a writ of assistance, though his petition alleged that his deed was void, voidable, or defective. He was thereby granted the right to acquire title to real estate by virtue of a tax deed which he alleged to be void.

Under the procedure existing prior to the adoption of the act, redemption from a tax sale may be made, though a tax deed has been issued, if the tax deed is void, by paying to the county treasurer the amount of taxes, penalty, and costs. Gulager v. Coon, 93 Okla. 62, 218 Pac. 701. Under the act, though the tax deed be void, redemption could be had only by payment to the court clerk "for the use of the lienholder." Thereunder, though the tax deed be void, and though the holder of the tax deed had paid only a small amount therefor, the owner of the land was required to pay the full amount of the taxes, penalty, and costs, though in an amount far in excess of that paid for the tax deed, "for the use of the lienholder." Under the act the purchaser of a tax deed from the board of county commissioners, after a resale, might have maintained a suit for the foreclosure of a lien upon the land, and might have recovered the entire amount of taxes, penalty, and costs, with an attorney's fee, an amount far in excess of that to which he would have been entitled prior to the adoption of the act. The act, by its terms, was for the express purpose of enforcing liens where the deed was "void." It certainly cannot be said that the act did not grant additional rights and impose additional burdens.

The right of redemption at any time prior to the issuance of a tax deed, theretofore existing, was destroyed by the provisions of the act limiting the right of redemption to any time before the confirmation of the sale by the court.

Those, and other provisions, granted to

the holders of tax sale certificates rights that they did not theretofore have, and imposed burdens on the lands that did not theretofore exist. They were not procedural, but substantive provisions.

The title to the act in no wise disclosed a legislative intent to impose any of those burdens upon the land or to grant any of the rights hereinabove referred to. It was in violation of the provisions of section 57, art. 5, of the Constitution for that reason.

The act was not only void by reason of the failure therein to clearly express the purpose of the act in the title thereof, but it was in violation of that other provision of section 57, art. 5, supra, that "no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only." The act provided that "all the proceedings in such action, so far as applicable and not inconsistent with the provisions of this act, shall be the same as now provided by law, for the foreclosure of mortgages on real estate and sales thereunder." That was manifestly an attempt to extend the provisions of law for foreclosure of mortgages on real estate and sales thereunder to the foreclosure of the lien of the holder of a tax sale certificate. It was manifestly an attempt to confer upon the holder of a tax sale certificate the right provided by law for the foreclosure of mortgages on real estate and sales thereunder. The extending and conferring was by reference to the title only, and was without setting forth the procedure therefor. In our opinion that was a violation of the constitutional limitation.

There are other defects in the act which we do not think necessary to discuss.

We therefore hold that chapter 12, Session Laws of 1925, was unconstitutional and void. The judgment rendered in this cause pursuant to the provisions of that act is vacated, set aside, and held for naught, and the cause is remanded to the trial court, with directions to dismiss this action.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. RILEY, J., absent. KORNEGAY, J., dissents.

---

KORNEGAY, J. (dissenting). I cannot agree with the majority opinion in this case holding the act of 1925 (chapter 12) on the subject of the foreclosure of tax liens, unconstitutional and void. Under our law, the Legislature can pass any act unless restrained by the Constitution from so doing.

The act in question is highly remedial, as it appears on its face. A situation had arisen under which, by virtue of the strict construction given by the court to all forms of tax collection procedure, it was almost impossible to collect taxes by virtue of sale at the hands of the treasurer, which was the only remedy specially provided. The statutes provided that the taxes were perpetual liens upon lands. A system had been provided of exposing these lands to sale. Sometimes there were bidders, and sometimes not. In the event there were no bidders, it was struck off to the county and certificates issued. Later, if these certificates could be sold, the purchaser could, at the end of two years after the date of the issuance of the certificate, apply to the treasurer for a tax deed, after certain notices were given. More frequently these notices were not in proper form, and very frequently the treasurer made mistakes in his advertisements, so that on the whole the expression was common that, "A tax title is no title."

In addition to a situation of this sort that would arise generally, a great many of the lands in this country were restricted lands. A great many of them had been sold while still subject to restrictions. People from the eastern side of the state were very familiar with the "30,000 land suits." In these suits, the United States government, as "parens patriae," through the medium of its attorneys, all over the eastern side of the state, was bringing actions in which there were a great many defendants that were not interested in any thing that was done by the other defendants in the case. The lands were different, the deeds were different, the vendors were different. Everybody knew of the troubles that arose, and yet the procedure was sustained by the federal courts and the Supreme Court of the United States. Somewhat analogous to this, the act in question was put into operation by the Legislature.

Objection was raised in this case that, under the Constitution, the title to the act was not extensive enough to fix it so that a person having tax certificates that were not defective could be embraced in them. However, as applied to the present case, they appear all to have shown some defect, either in the certificates that were issued in exchange for the money of the purchasers at the sales held to enforce taxes, or some other procedure, so that so far as this case is concerned, that complaint passes out of it. A complaint on that line, on account of the general nature of the act, practically was disposed of by this court in the case of Langley v. Cox, rendered March 12, 1929, and reported in the 135 Okla. 291, 275 P. 638. However, if previous decisions of this court are to be used as a standard on the subject

of the purposes and requirement of section 57 of article 5, dismissing these cases under that section of the Constitution would be absolutely unjustifiable.

Numerous cases are cited under that section in the Statutes of 1921. A proviso to it, however, is such that if any subject is embraced in the act contrary to or not covered by the title, such act is void only as to so much of the law as is not expressed in the title. The title in this case is broad enough to cover any species of enforcement of tax liens through the medium of foreclosure procedure. But, if a strict construction is given, it applies to all cases of tax procedure of any kind, in which there is any defect.

A liberal construction was early given to legislation as being within the limits prescribed by this section, and it has been so given since. However, following the most illiberal construction, so far as the title is concerned in this case, the procedure is not prohibited. In the case of Jefferson v. Toomer, 28 Okla. 658, 115 Pac. 793, an act was assailed as being in conflict with this section of the Constitution, and the title was, "An Act Relating to Certain County and District Officers." Authorities at that time, from this state and others, were reviewed. In that opinion, at page 661 (Okla. Reports) the quotation is made as follows:

"In Ritchie v. People, 155 Ill. 98, 40 N. E. 454, 29 L. R. A. 79, it was said:

"'Courts always give a liberal and not hypercritical interpretation to this restriction. All matters are properly included in the act, which are germane to the title. The Constitution is obeyed, if all the provisions relate to the one subject indicated in the title, and are parts of it, or incident to it, or reasonably connected with it, or in some reasonable sense auxiliary to the object in view. It is not required that the subject of the bill shall be specifically and exactly expressed in the title, or that the title should be an index of the details of the act. Where there is doubt as to whether the subject is clearly expressed in the title, the doubt should be resolved in favor of the validity of the act'."

Some complaints are made as to the constitutionality of this act with reference to procedure. It is contended in one of the briefs, and with a good deal of reason, that chancery jurisdiction has always existed under our Constitution in enforcing tax liens. However, as applied to this case, and to this act, reference is made to the general lien law as a guide, which the Legislature had a right to do, as it was already in existence. Same way about the cost and expenses. Some complaint is made that the burdens

which are put upon the taxpayer, are greater by reason of the act. In reply to that, it can be truthfully said that the taxpayers' remedy is to pay the tax and let the state and its constituent elements have it, and in the event the state has already resorted to a sale and issuance of tax certificates, is to pay the certificate holder. So far as additional liens are concerned, they flowed as an additional incident from the tax sale, which took the form, first of a certificate, later of a tax deed. Simple payment or deposit with the treasurer would obviate the tax deed. If there were further difficulties, there certainly should have been a forum provided wherein those difficulties could have been investigated, the rights of the parties investigated, and ample remedy afforded. In the event of improvements being placed upon the land, it would be most unjust to take them away from the man, who, in good faith, had put them there, believing that he had a right to the land, and aside from statutes, equity would most generally provide for payment for these in some manner.

A fair sample of those things is the crystallizing into statute of equitable principles arising from the improvement of real estate, and various other equitable doctrines to work out justice between man and man. So far as the present cases are concerned, however, they are simple cases of delinquent taxes, and are an effort to foreclose the liens. It is purely a proposition of taxes paid and a seeking to adjust the rights of the parties arising therefrom, through court procedure, where everybody could be heard, and after being heard, their rights could be adjudicated, as distinguished from the summary methods generally resorted to in taxation matters.

An analysis of the brief of the plaintiffs in error on the subject of the constitutionality of the act, and comparing it with the opinion in the case, shows that the opinion goes much farther than the contention of those attacking the act. A great many imaginary cases could be thought of, as a possible outcome of any remedial statute on procedure, but the usual rule is to confine oneself to the case at hand and see whether or not the litigant before the court can raise the constitutionality of the act, or does it. At page 20 of the brief of the plaintiffs in error, the attack on the act seems to be in the following words:

"The subject, as expressed in the title, is the enforcement of tax liens on lands and town lots, by foreclosure proceedings, where the tax sale certificates, tax deeds, or any of the proceedings relating thereto, are void, voidable or defective. The title does not

mention the creation of liens, and therefore, applies to liens previously created by law. If the act creates liens, the subject of the creation of liens is not embraced in the title.

"In the absence of a statute, the purchaser at a tax sale has no enforceable lien for reimbursement, if the title proves defective."

In the brief, the case of Blackwell v. First National Bank, 63 Pac. 43, from New Mexico, is cited, and section 9724, C. O. S. 1921, making taxes perpetual liens on property, is cited. Section 9737, providing for the certificate to be in writing and giving a lien for the taxes embraced therein, as well as subsequent taxes, is cited, and a privilege of redeeming two years after the sale is cited, and the statute permitting a deed to issue is cited. (sec. 9749.)

The contention is made that, prior to the act of 1925, the purchaser could only get a lien for two years of taxes, and a lone case is cited from Nebraska to that effect. The taxes actually paid after the end of two years, it is claimed, are not within the law, but there is no contention that the taxes for two years are not enforceable under the procedure. The argument is made that it was the intention of the tax law to ripen this lien for two years' taxes into a deed. Complaint is also made about attorney's fees being allowed in the recovery of the procedure. The case of Peet v. O'Brien, 5 Neb. 360, is referred to as holding that the lien on the land is protected by the act from any incumbrance or disposition of the property by the owner, during the time limited for redemption, and the certificate gives the purchaser a mere equitable interest in the property, which may ripen into a title by the execution of the deed, in case the land is not redeemed within two years.

The case of Walker-Taylor Co. v. Board of Com'rs of Okla. Co., 125 Okla. 226, 257 Pac. 324, is cited, and the syllabus is as follows:

"Where an act of the Legislature falls within section 57, art. 5, of the Constitution of Oklahoma, requiring that the subject-matter thereof be clearly expressed in the title, and such title merely relates to matters wholly incidental to the subject-matter contained therein, and in no manner discloses the vital object and character of the main purposes sought in such act, such title fails to meet the requirements of section 57, art. 5, of the Constitution, and is therefore invalid."

This is about all that the lawyers for the petitioners seem to be able to bring to the attention of the court as to the unconstitutionality of the act. There is complaint, however, as shown on page 36, about attorney's fees being allowed on the theory of vested rights. However, the slightest inspection of the matter will show that the attorneys' fee is only allowable as a result of the necessity of going into court. However, a case from Minnesota is cited, Jenks v. Henningsen, 113 N. W. 903, and the case of Blackwell v. First National Bank, supra, is cited. But none of these cases are cases arising out of the taxing of costs under the procedure.

If the landowner had paid the taxes that were due and which were a lien on his land, there would have been no occasion for taxing the attorney's fee in this case, and if the provision for an attorney's fee was void, all this court could do would be to take it out and let the other foreclosure go. So that, in this case, it would be a very good idea for the court to follow the suggestions contained in a decision cited by it, namely, Anderson v. Ritterbusch, 22 Okla. 761, 98 Pac. 1002, and especially paragraph 6 of the syllabus thereof, and especially paragraph 20 of the syllabus, and especially the quotation of Mr. Chief Justice Marshall, from Fletcher v. Peck, 3 L. Ed. 162, found on page 798 (Okla. Reports) as follows:

"The question, whether a law be void for its repugnancy to the Constitution is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative in a doubtful case. * * * But it is not on slight implication and vague conjecture that the Legislature is to be pronounced to have transcended its powers, and its acts to be considered as void. The opposition between the Constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other."

If every objection, however, urged here, was a valid one, still, under the Constitution of this state, this court would not have any right in my opinion to declare the entire act void, and to dismiss these actions. On the contrary, there does not appear, tested by the general principles of constitutional law and the power of the Legislature to adopt remedies, anything showing repugnancy here to the fundamental law. The general procedure law, of course, would apply, and also the procedure with reference to the foreclosure of liens, permitting the court to tax attorney's fees, it especially providing for that.

Great concern is expressed in the majority opinion for the infants, idiots, and lunatics, and their right to redeem. When this question comes before this court, it will be time enough to pass on that, but it is not believed that either liti-

252

gant or attorney in this case belong to either class, and it is further believed that the lawyers in this case, if there had been any occasion for the protection of infants, idiots, and lunatics, would have suggested it somewhere in their briefs. There is expressed in the majority opinion the following:

"Under the law existing prior to the adoption of the act, the holder of a tax sale certificate was not entitled to possession of the real estate and the holder of a tax deed could obtain possession of the real estate adversely held only by an action brought within one year after the recording of the tax deed. Sec. 9753, C. O. S. 1921. The act provided that, upon request of the purchaser at the sale pursuant to the foreclosure, 'a writ of assistance shall issue to place said purchaser in possession of said land.'"

It will be well enough to figure on that when we get to it. A further statement is contained in the majority opinion, as follows:

"Under the procedure existing prior to the adoption of the act, redemption from a tax sale may be made, though a tax deed has been issued, if the tax deed is void, by paying to the county treasurer the amount of taxes, penalty and costs. Gulager v. Coon, 93 Okla. 62, 218 Pac. 701."

Complaint seems to be made in the opinion that, under the new procedure, the landowner would have to pay the full amount of the taxes, penalties, and costs, though in an amount far in excess of that paid for the tax deed.

On the whole, it appears to me that the opinion of the majority in this case, undertaking to destroy the act and dismiss the cases on the ground of unconstitutionality on which to rest, is without foundation. It takes a position far in advance of the contentions of the lawyers in the case, and it is a pretty good plan, where the lawyers and the lower court do not contend for a proposition of unconstitutionality, for this court to leave it where it is, unless it is sure of its ground and can find that some great public policy would be thwarted, unless the act of the Legislature be adjudged unconstitutional.

Believing that the opinion of the majority in this case may prove embarrassing in the administration of our tax law, and that it needlessly thwarts the action of the Legislature in the lawful exercise of its authority, I register this dissent.

I am filing this dissent to case No. 20255, but it is applicable to cases Nos. 20256, 152 Okla. 255, 4 P. (2d) 28, and 20257, 152 Okla. 256, 4 P. (2d) 29, and I register this dissent in each of those.

On Rehearing.

RILEY, J. The fact that the opinion herein holds an act of the Legislature unconstitutional, and the confidence with which petitioner herein, and a number of attorneys who file a brief amici curiae, assert that the opinion is in error, have impelled us to give careful consideration to the petition for rehearing filed herein.

We are not to be unmindful of the many decisions of this court which hold that an act of the Legislature will not be declared unconstitutional unless it clearly appears that such act violates some provision of the Constitution. This rule is a salutary one. The will of the legislative branch of the state government, when expressed in a statutory enactment, should not be lightly treated and should not be stricken down except in cases where it is plainly violative of some constitutional provision.

It is first asserted that the opinion herein itself violates an express provision of the Constitution in that it holds chapter 12, S. L. 1925, unconstitutional, in toto, and strikes down the act in its entirety, when section 57, art. 5, of the Constitution, limiting all acts of the Legislature to one subject which shall be clearly expressed in the title, further provides that if any subject be embraced in an act contrary thereto, such act shall be void only as to so much of the law as may not be expressed in the title thereof.

It is confidently asserted that the only question raised in the appeal going to the constitutionality of said act is that part thereof which provides for or extends a lien for taxes so as to cover and provide for a lien for attorney's fees in foreclosing such tax lien. And it is asserted that if it be found that such provision is void on account of not having been expressed in the title of the act, that part alone should be stricken down and the balance of the act should be permitted to stand. For it is asserted that if this be a grant of a new right, it is the only substantive right granted by the act which is not embraced in the title. The opinion clearly points out the fallacy of this argument. As a rule acts of the Legislature are presumed to be effective only in futuro, and retroactive acts, where permissible, are the exception. If the words, "heretofore or hereafter issued," had not been inserted in the act, only liens represented by tax sale certificate or tax deeds thereafter issued would have been affected, leaving holders of such liens theretofore issued to the remedies provided by law at the

time of their issuance. The retroactive provisions of the act were nowhere referred to or expressed in the title thereto. This question was necessarily in the case, since it appears that it was specifically raised by the demurrer and answer. Counsel are, therefore, mistaken when they say that the only question that can properly be decided is that of the constitutionality of the act in so far as it extends the tax lien to cover attorney's fees. There is a vast difference between subjecting a taxpayer's property to the comparatively small cost of advertising and selling and issuance of a tax deed, and subjecting the same property for failure to pay the same taxes to the burdens and costs of a proceeding in court to foreclose a tax lien and taxing attorney's fees and including the same in the lien. It is this extra burden placed upon the property of the taxpayers here involved, and retroactively, that makes the act ex post facto, and, therefore, void, and brings it within the rule announced in Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1003, cited in the opinion.

Petitioner further asserts that the opinion decides other questions which are not in the case, among which it is said the opinion holds that the act in question is not merely a procedural act, but grants other substantive rights, and points out certain instances, and that to this extent the court has not only gone beyond its power, but has overruled certain cases decided by this court without any consideration whatever.

They first point out the statement in the opinion relative to the lien given therein for the value of improvements placed on lands by such lienholders. It is asserted that no such claim was involved in the case, and, therefore, discussion of this provision has no place in the opinion. It must be borne in mind that counsel for petitioner in their original brief asserted that the statute was remedial only and granted no new rights. The new rights are mentioned in the opinion in answer to counsel's assertion. They are also mentioned as reasons for holding the act unconstitutional because of the retroactive features of the act in granting these new rights. Some mention is made that the holder of a tax deed already had such a lien. But he admits that the mere holder of a tax sale certificate had no such lien. It is only the latter that the opinion holds is given a new right under the act. But counsel suggest that no such claim was made in the instant case, and, therefore, this question had no place in the opinion. To consider these questions only as they arise in some case would make it necessary to declare the act unconstitutional by piecemeal. But the fact remains that the act purports to give a lien for improvements to a holder of the tax sale certificate where no such lien theretofore existed, and this on tax sale certificates theretofore as well as thereafter issued. This is another ex post facto provision of the act which renders it void. Counsel first sought to uphold the act upon the theory that it granted no new substantive right, but when such right is pointed out, then they say it is improper to mention it in the case because it was not specifically raised.

It is asserted that the opinion overrules Prince v. Ypsilanti Savings Bank, 140 Okla. 131, 282 P. 282, and other similar cases. In this they are mistaken, for the opinion reasserts the rule there announced that special improvement tax liens were liens coequal with the lien for other taxes. The act in question purports to make such liens inferior to that of the holder of a tax sale certificate or tax deed based on ad valorem taxes. This is another new right attempted to be granted retroactively. It may be possible that the Legislature has the power to make an ad valorem tax lien superior to the lien created by special assessments for improvement, but certainly it has not the power to do so retroactively.

Other instances of substantive rights granted by the act retroactively as well as prospectively pointed out by Mr. Justice Andrews in the opinion are criticized as not being in the case. It is sufficient to say that they are in the case because counsel in the first instance in their eagerness to have the act upheld asserted that no such rights were granted. One of these is the taking away the right of persons under disability to redeem their lands upon the removal of such disability and leaving them to look only to the surplus proceeds of the sale of the land. Clearly the act made no exception in such cases and applied alike to tax sale certificates issued prior to and after the passage of the act. It may be that the rights of such persons are protected by the provisions of other acts, but we are discussing the rights attempted to be conferred by the act in question.

Another is the issuance of a writ of assistance provided for in the act in connection with the foreclosure proceedings. This is one provision of the act which, of itself, might be conceded to be procedural or remedial only. But the new right referred to in the opinion is the right to acquire pos-

session in this manner in an action based upon a void tax deed. However, the only mention of void tax deeds, etc., is in the title of the act. But section 1 of the act has been construed by this court as broad enough to include the class of cases named in the title, among which is void tax deeds. Langley v. Cox, 135 Okla. 291, 275 P. 638. The result would be, if the act was held constitutional, to give force and validity to void tax deeds issued prior to the passage of the act. It can hardly be said that this provision is purely procedural or remedial. Certainly it creates a right that did not exist before. It must be borne in mind that the retroactive, or ex post facto, features of the act make it repugnant to section 15, art. 2, of the Constitution, and that this section does not contain the proviso found in section 57, art. 5. The proviso contained in section 57, art. 5, of the Constitution is that only such parts of an act as are not expressed in the title are to be stricken down and the balance of the act to remain. But there is no such provision in the section prohibiting the passage of ex post facto laws.

In the brief filed amici curiae it is asserted that the opinion is in conflict with Langley v. Hamilton, 127 Okla. 35, 259 P. 575, wherein it was stated that certain allegations of a petition in an action to foreclose tax liens under this act were good as against a general demurrer. But this is not true, for the question there under consideration was apart from the constitutionality of the act. The question there was whether the general allegations that defendants named in the caption of the petition had or claimed some right, title, or interest in the real estate involved in the action where, as here, several tracts of land owned by different parties were involved, was good as against the motion to make more definite and certain. All that was there said was that as to the defendants filing the motion the allegations in this respect were sufficient as against a general demurrer; that is, that the allegations as to their interest in the land were good as against a general demurrer, but were not good as against the motion to make more definite and certain. The constitutionality of the act was not involved.

It is next asserted that the opinion is in conflict with Jones v. Pugh, 130 Okla. 291, 267 P. 272. But this assertion is not well taken, for all that was there held was:

"Where the district court has jurisdiction of the parties and of the subject-matter of a pending cause, this court will not, by a writ of prohibition, deprive it of the right to pass upon the validity of an act of the Legislature involved therein, where the unsuccessful party would have an adequate and complete remedy by appeal."

While the writ of prohibition was there sought upon the ground that the act was unconstitutional, this court specifically declined to deprive the trial court of the right to pass upon that question in connection with the other issues. In that case it was specifically stated that this court had never at that time determined the validity of the act. Thus showing that the position of the attorneys amici curiae that it had so done in Langley v. Hamilton, supra, is not well taken.

It is next contended that the opinion is in conflict with Langley v. Cox, supra. An examination of that case will disclose that all that was held therein is that while the act itself includes all tax sale certificates and tax deeds, whether valid, void, voidable, or defective, and the title includes only void voidable, and defective tax sale certificates, deeds, or proceedings relating thereto, the act was broad enough to cover the classes, or at least one of the classes, named in the title of the act; that is, that the words "tax sale certificate or tax deed," used in section 1 of the act, would include defective certificates, deeds, or proceedings relative to tax sales, which were mentioned in the title. The ex post facto features of the act were not even discussed.

It is stated that the opinion is in conflict with Cooley v. Smith, 139 Okla. 101, 281 P. 255. The constitutionality of the act was not in question in that case. The act itself was not mentioned. It is further argued that in Prince v. Ypsilanti Savings Bk., supra, wherein it was said: "By section 9724, C. O. S. 1921, taxes upon real estate are made a perpetual lien, but no one contends that this lien may not be extinguished by foreclosure by tax sale and resale as provided by law"—this court recognized the validity of the act, and for that reason the opinion herein is in conflict therewith. The language used is not subject to such construction, for the sense in which the word "foreclosure" was there used was that sales of property for taxes in the manner provided by law is a species of foreclosure. All the authorities recognize this to be true. There is nothing therein to justify the inference that the opinion holds that lien for taxes such as was there being considered could be foreclosed in a separate proceeding in equity. For the opinion specifically recognizes the well-established rule in this

state that a lien for special improvements cannot be foreclosed in a court of equity.

Another case with which it is contended the opinion in the instant case is in conflict is Popp v. Munger, 131 Okla. 282, 268 P. 1100. The act here under consideration was not even remotely involved in that case.

Finally it is urged that the opinion may disturb titles acquired under the act, and that there are many such. In this petitioners overlook, or rather argue around, the well-established and generally recognized rule that final judgments based upon an act of the Legislature afterwards declared unconstitutional are not affected by the act of the court, and will remain valid and binding judgments unless void or voidable for some other reason. There could be no title acquired under the act on tax sale certificates or tax deeds issued after the passage of the act, for the reason that the act itself provided that no suit could be commenced sooner than two years after the tax sale and the act was repealed in 1927, within two years from the date any tax sale could have been held after its passage. Such judgments as may have been obtained on previously acquired tax liens and not appealed from, and not otherwise void or voidable, are within the rule above mentioned and are not to be affected by the opinion.

From a careful consideration of the petition and all the authorities cited and argument made in support thereof, the petition for rehearing should be, and the same is hereby, denied.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents. HEFNER, J., absent.