## In re INGRAHAM'S ESTATE.
## PETERSEN v. STATE TAX COMMISSION.

No. 6701. Decided April 26, 1944. (148 P. 2d 340.)

See 61 C. J. Taxation, sec. 2352. 50 Am. Jur. 494.

*A. C. Melville,* of Salt Lake City, for appellant.

*Wayne L. Christoffersen,* of Salt Lake City, for respondent.

VAN COTT, District Judge.

This is an appeal from an order of the District Court of Millard County, entered on December 21, 1943, fixing the inheritance tax due to the State of Utah at $13,000.98, and declaring that the State Tax Commission has a lien upon the property in said estate, and authorizing the Tax Commission to sell such portion of the property in said estate as may be necessary to pay the inheritance taxe due thereon.

The decedent, Frances T. Ingraham, died testate at Brooklyn, New York, June 26, 1942, and was at the time of her death a resident of the state of New York. The deceased left certain real and personal property situated in said Millard County, State of Utah. The value of the entire estate of deceased for inheritance tax purposes has been set at $1,350,277.52. The value of the property left by said decedent in the State of Utah has been set at $190,687.92. The decedent devised and bequeathed all of the estate situated within the State of Utah to Wesleyan University of Middleton, Connecticut, a corporation operating exclusively for scientific, literary and educational purposes.

The administrator of the estate has taken the position that no tax is due in regard to said estate by reason of the provisions contained in Sec. 80-12-7, Laws of Utah 1943, c. 87, which provisions became effective May 11, 1943. Said provisions, among other things, provide that the "amount of

all bequests, legacies, devises, or transfers, to or for the use of * * * any corporation organized and operating exclusively for religious, charitable, scientific, literary, or educational purposes * * * " shall be deducted in arriving at the net taxable estate. There is no dispute as to the qualification of the Weslyan University under the statute.

The only question is whether or not Sec. 80-12-7, Laws of Utah 1943, which became effective May 11, 1943, applies retroactively to estates which had not been closed prior to said date, or is to be applied to estates created by the death of the owner thereof after May 11, 1943.

Title 88, Chap. 2, Sec. 3, U. C. A. 1943, provides:

"No part of these revised statutes is retroactive, unless expressly so declared."

Appellant recognizes this statute and also the general rule that legislative enactments operate prospectively rather than retrospectively, unless expressly declared otherwise. However, appellant urges that the amendment in question (Sec. 80-12-7 Laws of Utah 1943) does not come ■ within the bounds of the general rule stated for the reason that the amendment is an enactment making only procedural changes. Appellant further urges that the general rule does not operate in the face of the clear expression of the legislature's intent that the enactment should be retroactive. Such intention, it is said, is found in the last section of the Inheritance Tax Act, Sec. 80-12-44, U. C. A. 1943, which provides as follows:

"This chapter shall apply to all pending estates which are not closed, and all property liable by this chapter to such tax is subject to the provisions hereof."

That this court is committed to the general rule can not be questioned, for in the case of *Mercur Gold Mining & Milling Co.* v. *Spry*, County Collector, 16 Utah 222, 52 P. 382, 384, Judge Miner said:

> "Constitutions, as well as statutes, should operate prospectively only, unless the words employed show a clear intention that they should have a retroactive effect. This rule of construction should always be adhered to, unless there be something on the face of the statute putting it beyond doubt that the legislature meant it to operate retrospectively. Cooley, Const. Lim., p. 73; Suth. St. Const., §§ 463-465."

We are convinced that the general rule must apply as Sec. 80-12-7, Laws of Utah 1943, is not a procedural enactment, but is substantive in its effect. It sets forth what deductions are to be made in determining the net estate for inheritance tax purpose and this being the case, creates a substantive right. In other words, while the statute sets out the method of arriving at the net estate of a decedent, the prescribing of the method is itself the definition of "net estate"—it constitutes the substantive law as to what estate is subject to the tax. In the present instance it will mean the difference between taxability and non-taxability. To hold this amendment is retroactive in its effect is to place a penalty on those who through diligence closed their estates and paid their tax prior to May 11, 1943, and would award a premium in the form of a deduction under the amendment in question to those who by delay and procrastination failed to settle the affairs of an estate until after the effective date of this amendment. This we do not believe the legislature intended and such is not consonant with justice and is contrary to every fundamental principle of law and equity as we know it. The law has always sought to award the diligent and refuse its approval of delay.

Had the legislature intended Sec. 80-12-7, Laws of Utah 1943, to have a retroactive effect, it is reasonable to suppose they would have made such a declaration in the amendment. The force of this is more apparent in view of the holding by this court in the case above cited, and by reason of Sec. 88-2-3, U. C. A. 1943. In view of the decision of this court heretofore mentioned and the existence of the statute cited above, both of which were in existence when this enactment was passed by the legislature, and the failure of that body to expressly declare in said enactment that it

should have a retroactive application, can it be said without doubt and conjecture what the legislature intended respecting the retroactive effect of the amendment in question?

We are forced to the conclusion that the intention of the legislature is doubtful and that Judge Miner's pronouncement of the law, above mentioned, is applicable to the situation before us. With this in mind and the positive wording of Sec. 88-2-3, U. C. A. 1943, the general rule of construction of statutes must apply and we come to the conclusion that Sec. 80-12-7, Laws of Utah 1943, is not retroactive, but was intended by the legislature to be effective on and after the 11th day of May, 1943, and only those estates whose creators die on and after said date are entitled to the deduction provided therein.

Appellant's contention that the legislature enacting Sec. 80-12-7, Laws of Utah 1943, intended to incorporate Sec. 80-12-44, U. C. A. 1943, so as to give the amendment retroactive effect is not borne out by the better authorities on the subject. In the case of *Benton* v. *Wickwire,* 54 N. Y. 226, Judge Reynolds stated:

"There was once, and long ago, a rule in construction of statutes, that an amendment of it was to be regarded as if having been incorporated in and made a part of the original enacatment, but that rule has been for a long time disregarded, and it is now settled that an amendment has no more retroactive effect than an original act on the same subject."

In the case of the *People* v. *Dilliard,* 252 App. Div. 125, 298 N. Y. S. 296, 302, the court quotes from Endlich on the Interpretation of Statutes, as follows:

"It is chiefly where the enactment would prejudicially affect vested rights, or the legal character of past transactions, that the rule in question prevails. Every statute, it has been said, which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect of transactions or considerations already past, must be presumed, out of respect to the Legislature, to be intended not to have a retrospective operation."

The case of *Conklin* v. *United States*, D. C., 21 F. 2d 141, states in its decision that if by chance a reasonable doubt should exist as to whether or not a statute operates in futuro or is retroactive, such should be resolved in favor of prospective operation. The presumption that statutes operate prospectively is reiterated in *Casner* v. *Meriwether*, 152 Okl. 246, 4 P. 2d 19.

The rule mentioned is founded on the theory that since every citizen is presumed to be acquainted with the law and to enter into his business transactions accordingly, it would be unjust to permit such legislation to operate retrospectively without a clear statement of the legislature that such was its purpose. *United States* v. *McPhee*, 51 Colo. 425, 118 P. 996.

Our attention has been directed to the Constitutional provisions of Article 6, Section 27 of the Constitution of the State of Utah, which provides:

"The Legislature shall have no power to release or extinguish, in whole or in part, the indebtedness, liability or obligation of any corporation or person to the State, or to any municipal corporation therein."

And counsel for respondent have urged that to apply the amendment retroactively would amount to the cancellation of a debt which accrued to the State at the time of the death of said decedent.

We are impressed by the force of this argument and the constitutional possibilities involved, but feel that a discussion of this matter would lead to many collateral issues not necessary to a determination of this case. Suffice it to say this court is of the opinion the District Court's decision in this matter should be affirmed. It is so ordered. Costs to respondent.

WOLFE, C. J., and LARSON, McDONOUGH, and WADE, JJ., concur.

MOFFAT, J., deceased.